N. B. FLOYD, ADMINISTRATOR, ETC., V. M. BORLAND, ADMIN-
ISTRATRIX, ETC.

1. Deficiencies in a record cannot ordinarly be supplied in this court by affi-
davits; but in the present case, wherein the transcript failed to show
service upon the defendant below, the plaintiff, who had taken judgment
by default, was permitted to show, by affidavit of his counsel, that coun-
sel of the defendant made a written acknowledgment of service in the
court below, which acknowledgment could not be found when the tran-
script was made out, and could not, therefore, be supplied from the re-
cords of the court below. Auxiliary affidavits were also filed, showing
that the clerk's office of the court below had been robbed of sundry
papers, and that it had been carelessly kept and many papers lost.

2. A suit to foreclose a mortgage was brought against a mortgagor and his
vendee, and a decree of sale was obtained, but the decree altogether ig-
nored the vendee and his rights. *Held*, that the vendee's equity of re-
demption, acquired by his purchase from the mortgagor, was not affected
by the decree, and he was entitled to have the sale enjoined.

3. There being no controversy about the facts alleged in a petition for an in-
junction, the *jurat* is held sufficient, though not in strict accordance with
the usual forms.

ERROR from Victoria. Tried below before the Hon. Wesley
Ogden.

The facts in this case will be found in the brief of counsel for
the defendant in error, which is inserted at considerable length in
view of the useful collocation of Texas authorities touching injunc-
tions, which it contains.

*Stockdale & Proctor*, for the plaintiff in error.

*A. B. Peticolas*, for the defendant in error.—This was a suit
for injunction, and is now brought to this court to revise the
ruling of the court below ; first in granting, and second in per-
petuating the injunction, and is to be tried upon the allegations of
the petition, the truth of which the default admits. (Guest v.

Rhein, 16 Texas, 550; Watson v. Newsham, 17 Texas, 437; Ricks v. Pierson, 21 Texas, 508.)

The errors assigned are: First, the court erred in granting and in perpetuating the injunction.

Second—The court erred in giving judgment without service.

Third—The court erred in setting aside continuance.

Fourth—The court erred in entering judgment without inquiry into the facts by jury.

Fifth—The judgment was not warranted by the facts and the law.

I will consider the errors relied on. The first and fifth may be considered together, as they present substantially the same question, the sufficiency of the petition.

If the petition be sufficient on general demurrer, it is sufficient to support the judgment, because under the decisions of our court, "the verdict or decree cures all defects, imperfections, or omissions in the petition, or statement of the cause of action, whether of substance or form, if the issues joined be such as to require proof of the facts imperfectly stated or omitted." (De Witt v. Miller, 9 Texas, 245; McLellan v. The State, 22 Texas, 409; Darden v. Crosby, 30 Texas, 150.)

The reasons given by the pleader in the petition for asking the injunction; and the conclusions of law drawn from the facts previously stated, are :

First—Because Fenner had no interest in the land when the mortgage was foreclosed.

Second—Because there was no foreclosure as to A. and M. Borand, purchasers from Fenner.

Third—Because Floyd had waived his right of foreclosure as against A. and M. Borland.

Fourth—Because the judgment and order of sale is erroneous in directing the excess of funds, proceeds of sale, if any, to be paid over to Fenner.

Fifth—Because Floyd can only recover, if at all, through the probate court.

First—Judgment was obtained February 23, 1866, by Floyd against Fenner. Fenner sold to Borland, by deed duly recorded January 23, 1860. Floyd of course had notice. All the right Fenner had as against Floyd was the equity of redemption. This Fenner sold to Borland long before the suit to foreclose. When the suit was brought Borland was in possession of the land, under deed duly recorded, and had the absolute title to the land, subject only to Floyd's mortgage, which was only an incident to the debt due Floyd by Fenner, and only a chattel interest. (Perkins v. Sterne, 23 Texas, 561; Duty v. Graham, 12 Texas, 434; Buchannan v. Monroe, 22 Texas, 54; Wright v. Henderson, 12 Texas, 44.)

The equity of redemption in Borland was "the real and beneficial estate, tantamount to the fee at law, and alienable by deed precisely as if it were an estate of inheritance at law." (22 Texas, 541.)

Second—Then, Borland holding that equity of redemption, when Floyd took his judgment he should have foreclosed against Borland as well as against Fenner. Foreclosing against Fenner alone was idle, since Fenner had parted with the equity of redemption. The subsequent purchaser is a necessary party, not only to the suit but to the decree. (Hall v. Hall, 11 Texas, 547 ; Mills v. Traylor, 30 Texas, 11.) In order for a defendant to be affected by a decree of a court he must be a party to that decree. (Laird v. Winters, 27 Texas, 442.)

In Buchannan v. Monroe, which is a case directly in point, and upon which this defendant in error relies, (22 Texas, 542,) the court in speaking of Wyatt, the subsequent purchaser of the equity of redemption, uses this language : " In the lifetime of Wyatt, a decree of foreclosure to which he was not a party would not have barred his equity of redemption ; he would not have been bound

by the decree, and the title of a purchaser at a sale under it would have been inoperative to divest his right, and ineffectual in an action to recover of him the possession."

Third—The effect of the judgment, taken as it was taken, was a waiver of any right Floyd had as against the land in Borland's hands. Floyd had a perfect right to accept Fenner as sole debtor, if he saw proper to do so, and he did release Borland and the land in his hands, by taking the judgment as he did. It was a merger of the mortgage debt into a higher character of debt, a judgment debt.

The judgment " was final as to every matter which Floyd might have litigated and decided." (Foster v. Wells, 4 Texas, 104.)

In Johnson v. Murphy, 17 Texas, 216, there was a note secured by mortgage. Plaintiff took judgment on the note and failed to foreclose mortgage. Plaintiff afterwards brought suit to foreclose, and the court decided that it was *res judicata*, and that the presumption was " that the lien by mortgage had either been adjudged against the plaintiff in that suit or had been waived." (17 Texas, 219.)

In McAlpin v. Bennett, 19 Texas, 497, under circumstances somewhat similar, the plaintiff was allowed to recover in the second suit, but it was expressly upon the ground that plaintiffs " were ignorant, when they brought their suit upon the note, that there was any vendors' lien to secure it (19 Texas, 498);—evidently not a parallel case with this one. (See also Bledsoe v. Willis, 22 Texas, 651.)

Fifth—The judgment in " Floyd v. Borland " could only be enforced, if at all, in the probate court. This is not an open question. (Hall v. Hall, 11 Texas, 550; 1 Texas, 544, 545; 10 Texas, 141; 20 Texas, 44; 2 Texas, 456; 17 Texas, 474; Buchannan v. Monroe, 22 Texas, 542.) And for all of these reasons, under the law, the injunction was properly granted and properly perpetuated.

The assignment of errors that the court erred in giving judgment without service, would be a valid objection if true, but it is fully met and contradicted by the record itself, and by the affidavit of the existence and loss of the acknowledgment of service herewith filed, with suggestion of the diminution of the record. That the court will hear affidavits in support of its own jurisdiction is settled by repeated decisions of this court. (Harris v. Hopson, 5 Texas, 533; Brown v. Torrey, 22 Texas, 55; Martel v. Hernsheim, 9 Texas, 294; Dial v. Rector, 12 Texas, 99.)

. The fourth assignment of errors is, that the court erred in entering judgment without inquiring into the facts by jury or otherwise.

This objection is entirely untenable. The affidavits sufficiently proved the facts in the first instance, to authorize the granting of the injunction, and the default, as we have seen, admitted the facts set out in the petition. (16 Texas, 550; 17 Texas, 437; 21 Texas, 508.)

A jury would have had no power to grant or refuse an injunction, and the perpetuating of the injunction was simply a question of law for the court, and would have been improperly submitted to a jury. (Bryan v. Bridge, 10 Texas, 154.)

In Foster v. McAdams, 9 Texas, 545, the Supreme Court itself perpetuated an injunction which had been wrongfully dissolved. In that case the judgment was void for want of jurisdiction in the justice who rendered it. In this the judgment as to Borland was void, because he was not a party to it. But Watson v. Newsham, 17 Texas, 438, is conclusive of the question. In that case the court states the facts in the following words: "The injunction was granted and citation served on the plaintiff in error, who failed to answer, and the injunction was perpetuated;" and upon that state of facts delivered the judgment of the court as follows: "The default admitted the facts charged, and there was nothing to prevent the court from making a decree without reference to a jury."

As to the affidavits to the injunction, they were entirely suffi-
cient, and having served their purpose, cannot be objected to now,
as an injunction may properly be perpetuated without any affi-
davit—"the only effect of the want of an oath being that the
plaintiff will not be entitled to an injunction, nor the defendant
to its dissolution, during the pendency of the proceeding." (Ec-
cles. v. Daniels, 16 Texas, 142.)

WALKER, J.—To supply deficiencies in a record by affidavits
in ordinary cases, would not be permitted in this court. But the
circumstances under which they are here presented, we think
warrant their admission; at least so far as to explain the diminu-
tion of record. And when that is done we feel bound to presume,
in the absence of record proof to the contrary, that the district
court had jurisdiction of the parties and subject matter.

The equity of redemption in the lands described in the petition
passed from Fenner to Borland and wife by the deed of January,
3, 1860, and a decree of the district court or of a probate court
which did not foreclose it, is not a decree on which it could be
sold. This doctrine is fully supported by antecedent Texas au-
thorities.

The verification of the petition for injunction was sufficient, so
long as the facts were not called into question. We think there
can be no doubt the absence of the fiat of the district judge was
waived by the attorney for Floyd, John H. McClanahan, and that
he did also waive the service of citation by a written waiver pro-
perly filed in the case.

We therefore can find no error in the judgment of the district
court to warrant its reversal; hence it is affirmed.

Affirmed.

Mr Justice Ogden did not sit in this case.