## G. W. Davis v. Diamond & Smart.

### (No. 1115, Op. Book No. 3, p. 523.)

Appeal from Camp County. Opinion by White, P. J.

§ 590. *Injunction; is proper remedy to prevent sale of property under mortgage, when, etc.; purchaser of mortgaged property is a necessary party in suit to foreclose mortgage.* Appellant Davis obtained a judgment against one Bolton, and under an execution issued upon the judgment had some cotton sold, and he became the purchaser of it, and had it in possession. After appellant had thus purchased and taken possession of the cotton, appellees, in a suit against Bolton, to which suit appellant Davis was not a party, obtained a judgment foreclosing a mortgage which they held upon the cotton, and an order of sale was issued thereon, and the cotton seized thereunder. Appellant brought this suit, asking for an injunction to restrain the sale of the cotton. Upon a hearing of the case in the county court, the injunction was dissolved and the suit dismissed. *Held,* the court erred in dissolving the injunction. Appellant held by purchase the equity of redemption, and was in possession of the cotton upon which appellees had a lien, and he was a necessary party to the suit instituted by them for a foreclosure. [Buchanan v. Monroe, 22 Tex. 537; Hall v. Hall, 11 Tex. 547; Mills v. Traylor, 30 Tex. 11.] Being a necessary party, the judgment of foreclosure obtained by appellees against

Bolton could not affect his right. The property having been seized under this judgment, and being about to be sold, his proper remedy was by injunction. [Floyd v. Borland, 33 Tex. 777.]

November 11, 1882.          Reversed and remanded.