JOSEPH M. BROWN, ADM'R, v. JOHN F. TORREY AND ANOTHER.

This court can only revise the judgments of the District Court, for errors apparent upon the record.

It cannot, therefore, act upon a question of fact, such as the death of one of the parties previous to the judgment in the court below, presented for decision, for the first time, in this court, by affidavits.

If the fact be as alleged, the remedy is in the District Court that rendered the judgment, and not by writ of error to this court.

ERROR from Comal. Tried below before the Hon. Thomas J. Devine.

*Hancock* and *West*, for plaintiff in error.

*Chandler* and *Turner*, for defendants in error.

WHEELER, CH. J. The plaintiff in error seeks to reverse the judgment, on the ground that one of the plaintiffs below was dead at the date of its rendition, and submits to this court affidavits to prove the truth of this assignment of error. But the fact of such death does not appear by the record. It was not suggested, or otherwise brought to the notice of the court below; and nothing can be more perfectly clear, than that this court can only revise the judgment of the District Court, for errors apparent upon the record. To entertain the question of fact for

decision, for the first time, in this court, as a ground for reversing the judgment, would be plainly violative of the constitution, which confers upon this court, in reference to the judgments of the District Court, appellate jurisdiction only. This is a court strictly of appellate jurisdiction, and cannot, therefore, take cognizance of questions of fact affecting the judgments of the District Court, which have not been presented to that court for adjudication. The plaintiff in error has plainly mistaken his remedy. If the fact be as alleged, his remedy is in the District Court that rendered the judgment, and not by a writ of error to this court. (Weaver v. Shaw, 5 Tex. Rep, 286.) This case is plainly distinguishable from those in which affidavits have been received by this court, upon the question of its own jurisdiction. (Harris v. Hopson, 5 Tex. Rep. 529; Dial v. Rector, 12 Tex. Rep. 99; Martel v. Hernsheim, 9 id. 294.) The judgment is affirmed.

Judgment affirmed.