## COUNTY OF LIVE OAK v. J. C. HEATON.

Neither a statement of facts nor bills of exception can be supplied by affidavits in the Supreme Court; such a precedent would be dangerous, and in the end subversive of justice.

ERROR from Live Oak. Tried below before the Hon. J. B. Carpenter.

This cause was tried below before the Hon. J. B. Carpenter at the Fall term of 1868 of the District Court of Live Oak county. The record contains no statement of facts nor bills of exception. An effort was made in this court to supply this defect through means of affidavits of witnesses on the trial, who undertook to state their own testimony, and the action of the district judge during and subsequent to the trial. The affidavit of the attorney for Live Oak county (F. Leisering) detailed facts which, if true, made it impossible for the attorney of the county to procure the signature of the judge to any statement of facts or bills of exception, or to have the latter proved by bystanders.

Since the affidavit was a direct attack on the official conduct of the judge who tried the cause, and was, as to him, *ex parte*, we omit its details as not necessary to a proper understanding of the opinion.

*Chandler & Carleton* and *Altgelt & Portis*, for plaintiff in error, cited Harris v. Hopson, 5 Texas, 533; Martel v. Hernsheim, 9 Texas, 294; and State Constitution, 3d Sec., 5th Art.

*J. S. Givens*, for defendant in error.

WALKER, J.—This case presents some very remarkable features. In the case of Harris v. Hopson, 5 Texas, 529, this court received affidavits to prove that an appeal

bond had not been filed within the time prescribed by law, but that that which purported to be an appeal bond had been fraudulently antedated, and the appeal was dismissed. The practice in the Supreme Court of the United States of receiving affidavits for the purpose of sustaining its jurisdiction and protecting itself from being imposed upon by feigned issues, is cited and approved. In Martel v. Hernsheim, where the Supreme Court affirmed a judgment in 1849 and 1852, it was made to appear by affidavit to the satisfaction of the court that, at the time of the affirmance, the appellee was dead. The judgment was vacated and the mandate revoked. In Brown v. Torrey the court say: "This court can only revise the judgments of the District Court for errors apparent upon the record.

"It cannot, therefore, act upon a question of fact, such as the death of one of the parties previous to the judgment in the court below, presented for decision for the first time in this court by affidavits.

"If the fact be as alleged, the remedy is in the District Court that rendered the judgment, and not by writ of error to this court."

In Paris v. Du Bose, 27 Texas, 6, Chief Justice Wheeler delivered a very short opinion, in which he says :

"We are asked to reject a part of the sheriff's return of service of citation, rendering the return insufficient upon the *ex parte* affidavits of two attorneys first presented to this court."

"The verity of the record cannot be thus impeached. We are aware of no precedent to warrant the supplying of an omission in the record, or the rejecting a part of it by such means. In the case of Harris v. Hopson, the affidavits were received for the purpose of preventing a fraud upon the jurisdiction of the court, and from the necessity of the case, there being no other mode of prevention."

In Floyd v. Borland, 33 Texas, 777, we admitted affidavits to show that the clerk's office in the court below had been robbed and many of the papers lost; but we distinctly stated that deficiencies in a record could not ordinarily be supplied by affidavits.

Our decision went as far as we then felt this court would be warranted in going in the direction of allowing affidavits to be filed with a record. We can go no further now. We cannot permit a statement of facts and bills of exception to be supplied by affidavits. Such a precedent would be most dangerous, and in the end subversive of justice.

In this case one of two things is nevertheless true: the court acted in a most unjustifiable manner, showing a plain disposition to defeat the rights of the defendant by a contemptible ruse; or the affidavits of the attorney and deputy clerk are scandalous and libelous.

We shall not undertake in the least to favor the one or the other party; we are not called on to do so. In the absence of a statement of facts, as well as any bill of exception, we must affirm this judgment, which is accordingly done.

AFFIRMED.