### P. J. WILLIS & BRO. v. VIRGINIA B. SMITH ET AL.

#### Decided April 26, 1897.

1. Practice on Appeal—Correction of Record

The Court of Civil Appeals is bound by the record as it appears in the transcript. It was error for it, upon evidence presented to show that a statement of facts was filed after adjournment of the trial court, to strike such statement from the record.

2. Same.

Proper practice would be to suspend action till the record could be corrected in the trial court.

ERROR to Court of Civil Appeals, Third District, in an appeal from Coryell County.

Willis & Bro. obtained writ of error from a judgment affirming the recovery below, assigning as error the action of the Court of Civil Appeals in striking from the record the statement of facts.

*Eugene Williams,* for plaintiff in error.—The Court of Civil Appeals erred in considering the motion to strike out the statement of facts here-

in, because, on the face of the record, the statement appeared to be filed during the term of court.

*H. N. Atkinson*, for defendants in error, in reply, cited: Rev. Stats., art. 1382; Bradford v. Knowles, 33 S. W. Rep., 149; Hilburn v. Preston, 32 S. W. Rep., 702.

BROWN, ASSOCIATE JUSTICE.—The term of the District Court at which the judgment in this case was entered closed on August 15, 1895. The statement of facts as shown in the record before us has the following file mark: "Filed August 15, 1895," signed by the proper clerk.

Appeal was taken to the Court of Civil Appeals for the Third Supreme Judicial District by appellants P. J. Willis & Bro. Appellee, Virginia B. Smith, filed in the Court of Civil Appeals motion to strike out the statement of facts because it was, in fact, filed after the adjournment of the court, although it appeared to have been filed during the term. This motion was supported by the affidavit of two of the attorneys engaged in the case in the court below and by the clerk of the court in which the statement of facts was filed.

The Court of Civil Appeals sustained the motion to strike out statement of facts and affirmed the judgment of the court below. Application for writ of error was made to this court by Willis & Bro. upon several grounds, among others, that the Court of Civil Appeals erred in striking the statement of facts from the record of the case. This presents the only question that it is necessary for us to act upon.

The Court of Civil Appeals was bound by the record as it appeared in the transcript made by the clerk of the District Court and duly certified, and had no authority to disregard that record on the ex parte affidavits presented to it. If the parties desired to get rid of the statement of facts they might have asked in the Court of Civil Appeals a suspension of the proceeding until the proper action could be taken in the District Court, but it was error in the Court of Civil Appeals to act upon the question under the circumstances. (Boggess v. Harris, 39 S. W. Rep., 565, 90 Texas, 476.) The case last cited is directly in point. It was alleged in that case that a statement of facts had been changed by interlining certain words therein after it was approved by the judge of the District Court, and upon affidavits presented the Court of Civil Appeals struck the statement of facts from the record, which action this court held to be error, and said: "If, however, as in this case, a paper which is prima facie properly part of the transcript be correctly copied therein, and it is sought to strike it out in whole or in part, by showing that a portion thereof, as it appears on file in the lower court, was improperly written therein, the proceeding for that purpose can only be had in the court having jurisdiction of the original record of which said paper is a part; for, in the absence of some special provision, each court has exclusive jurisdiction of proceedings to determine the correctness of or to change the face of its own records. Therefore the Court of Civil Ap-

peals was without jurisdiction to determine whether the portion of the statement of facts objected to was improperly written therein; but, upon the filing of said motion, it might have delayed proceedings in the cause until appellee could, by appropriate proceedings, have had the court below determine that question, and make its record speak the truth, and thereupon might have issued a writ of certiorari to bring up such corrected record, and this course can still be taken."

For the error committed by the Court of Civil Appeals in striking the statement of facts from the record of the case, the judgment of that court is reversed and the cause is remanded to that court for further proceedings in accordance herewith.

*Reversed and remanded.*