## W. B. HOLLIDAY v. MRS. M. G. SAMPSON.

### Decided February 14, March 21, 1906.

**1.—Trial—Judge Communicating With Jury.**

The act of the trial judge in holding communication with the jury, during their deliberations, about the state of the evidence they were considering, and without consent of counsel, was ground for a new trial, and refusal of a motion therefor was error. (Rev. Stats., arts. 1304, 1309, 1321.)

ON MOTION FOR REHEARING.

**2.—Practice on Appeal—Going Outside Record.**

On the question of error in the refusal of the trial court to grant a new trial because he had improperly held communication with the jury, as to the evidence they were considering, during their deliberations, the matter is to be determined by the record, and affidavits filed in the Appellate Court controverting the showing made by appellant on the hearing of the motion can not be considered.

Appeal from the County Court of Travis County. Tried below before Hon. John W. Hornsby.

*Allen & Hart,* for appellant.

*Henry Faulk,* for appellee.

OPINION ON MOTION FOR REHEARING.

EIDSON, ASSOCIATE JUSTICE.—By our original opinion in this case we reversed and remanded this cause upon the ground that it appeared from appellant's motion for a new trial in the court below, and the affidavits in support thereof, which were not controverted, that the trial judge in the court below had, without the consent of appellant, communicated with the jury during their deliberations upon the case.

Appellee has filed a motion for a rehearing of the cause, setting up therein as a ground therefor, in substance, that the affidavits supporting appellant's motion for new trial filed in the court below, and upon which this court acted in reversing the case, were misleading and untrue; and in support of this contention appellee has attached to her motion for rehearing the affidavit of the juror W. Keye, whose affidavit was filed in the court below in support of appellant's motion for a new trial and was embraced in the record. In this latter affidavit the said Keye swears that he did not intend to testify in his former affidavit that the trial judge came to the jury room and explained, among other things, what plaintiff testified to on the stand, that such was not the case, and that he did not sign such affidavit with such understanding.

Appellee has also attached to her motion for rehearing the affidavit of James Byrne and J. B. Taylor, two of the jurors who tried the case in the court below, who testified in substance, that the trial judge came to the door of the jury room and stated to the jury that they would not be permitted to have the depositions of A. F. Hardie, and that the letter of the said Hardie was admitted in evidence by the agreement of the parties to the suit to explain a mistake in his deposition,

The affidavits of Hon. John W. Hornsby, the trial judge in the court below and Henry Faulk, Esq., the attorney for appellee, are also attached to appellee's motion for rehearing. These affidavits are to the effect that at the suggestion and with the consent of appellant and that of appellee's attorney, the trial judge went to the jury room and told the jury that they would not be permitted to have the deposition of Hardie, and that the letter was introduced in evidence to explain the mistake in the deposition. We do not understand it to be a violation of the law for the trial judge in a civil case, with the consent of all parties interested to communicate with the jury as to a matter agreed upon and consented to by such parties, but only where such communication is had without such consent.

If the affidavits attached to appellee's motion for rehearing had been filed in the court below prior to its action upon appellant's motion for a new trial, an issue would have been raised as to the existence of the ground of said motion setting up the unauthorized communication of the trial judge with the jury during their deliberations upon the case. And such affidavits would have then been brought up in the record and could have been considered by this court in passing upon the question of the correctness of the action of the court below in overruling said

ground of appellant's motion for a new trial. Said affidavits being no part of the record in this case, they can not be considered for any purpose by this court. Except as to matters of fact necessary to the proper exercise of its jurisdiction, this court is confined to the record as made by the trial court. (Rev. Stats., art. 998; Ennis Mer. Co. v. Wathen, 93 Texas, 622; Willis v. Smith, 90 Texas, 635; Western Union Tel. Co. v. Christensen, 9 Texas Ct. Rep., 302.)

The motion for rehearing is overruled.

*Reversed and remanded.*