## W. B. Walker & Sons v. Charles E. Allen.

### Decided April 18, 1906.

#### Statement of Facts—Signature and Approval.

An agreement signed by counsel that the "above and foregoing" contains a full statement of the facts, with the approval of the judge following, can not be taken as a signature and approval of a statement of evidence following, instead of preceding, such words.

Appeal from the County Court of Travis County. Tried below before Hon. John W. Hornsby.

*Allen & Hart,* for appellants. (In a motion for rehearing, which was overruled, appellant's counsel made showing, supported by affidavit, that the evidence included in the transcript was the same intended by the agreement and approval, which, being written on a separate sheet, was inadvertently attached to the beginning instead of the end of the statement.)

No briefs were on file for the appellee.

EIDSON, Associate Justice.—There is no statement of facts contained in the record which can be considered by this court. There is a paper copied in the record designated "Statement of facts filed September 14, 1905," beginning with the style and number of the case and an agreement of the attorneys "that the above and foregoing statement of facts is a full, fair and complete statement of all facts as introduced in evidence before the court on the trial of the above numbered and styled cause," signed by the attorneys for plaintiff and defendant, and marked approved and signed by the trial judge. There is nothing above or going before this agreement on the paper or proceeding except the statement quoted first above. Below the agreement of attorneys, their signatures and the approval and signature of the judge appears the words "statement of facts," and below this appear the names and testimony of certain witnesses, which fill the remainder of the paper without anything whatever at the close thereof to indicate whether or not the testimony copied was all the testimony adduced on the trial of the case, or that it constituted the statement of facts referred to in the agreement of counsel copied at the top or beginning of the paper.

The statute requires that where the parties or their attorneys agree upon the statement of facts, they shall sign the same and then submit it to the judge, who shall, if he find it correct, approve and sign it, and the same shall then be filed with the clerk. (Art. 1379 Sayles Rev. Stat.) While there is an agreement signed by the attorneys and approved and signed by the judge, the statement of facts referred to as agreed to and approved, does not appear in the record; and for us to hold that the testimony of witnesses copied below and after the agreement signed by attorneys and signed and approved by the court constituted the statement of facts referred to in said agreement as being "above and foregoing" would, in our opinion, be doing violence to the plain meaning of language, and therefore, unauthorized. Such a careless method in the preparation of a statement of facts should not be encouraged, as it might lead to the incorporation into the record of a cause of an imperfect or incorrect statement of facts, or at least cast suspicion upon the same being perfect and accurate. The statement of facts in a case should be so prepared as that no doubt could arise as to the paper purporting to be such statement being an accurate and complete statement of all the facts proven upon the trial of the case.

The questions raised by the assignments of error being such as can not be reviewed in the absence of a statement of facts, the judgment of the court below will be affirmed.

*Affirmed.*