## ROBERDS v. LANEY.

(Court of Civil Appeals of Texas. Amarillo. March 21, 1914.)

1. PRINCIPAL AND SURETY (§ 108*)—EXTENSION OF NOTE—DISCHARGE OF SURETY.

An agreement by the payee of a note that the maker could pay the note at any time within a month was not supported by a consideration, so as to discharge the surety thereon.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. §§ 213, 218; Dec. Dig. § 108.*]

2. ALTERATION OF INSTRUMENTS (§ 8*)—UNAUTHORIZED ALTERATION.

A change of a purported indorsement on the back of a note, originally indorsed thereon without authority, would not be an alteration of a contract.

[Ed. Note.—For other cases, see Alteration of Instruments, Cent. Dig. §§ 40–46; Dec. Dig. § 8.*]

3. ALTERATION OF INSTRUMENTS (§ 25*)—ACTIONS—PLEADING—EXPLANATION OF ALTERATIONS.

In an action by the payee of a note against the maker and surety, in which the surety claimed to be discharged by an extension of the time of payment indorsed on the back of the note, plaintiff need not plead the real conditions as to the indorsement so as to make it unavailable, in anticipation of the introduction of the note in evidence, but could explain the apparent alterations in the indorsement when he put the note in evidence.

[Ed. Note.—For other cases, see Alteration of Instruments, Cent. Dig. §§ 216–229; Dec. Dig. § 25.*]

4. APPEAL AND ERROR (§ 499*)—STATEMENT OF FACTS—NECESSITY.

Objections to a charge cannot be reviewed where there is no approved statement of facts in the record showing whether the objections were presented before or after the charge was given to the jury, and no exceptions preserved to the overruling of such objections.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2295–2298; Dec. Dig. § 499.*]

Appeal from Hale County Court; W. B. Lewis, Judge.

Action by W. W. Laney against J. C. Roberds and another. From a judgment for plaintiff, defendant named appeals. Affirmed.

Mathes & Williams, of Plainview, for appellant. Y. W. Holmes, of Plainview, for appellee.

HENDRICKS, J. The appellee, W. W. Laney, sued L. G. Oxford and J. C. Roberds, the latter the appellant herein, in the county court of Hale county, upon a promissory note for the sum of $500, executed by Oxford as the maker and Roberds as the surety. The appellant, Roberds, alleged suretyship and that the maker, Oxford, and Laney, the payee, for a valuable consideration, extended the time of the payment of said note, thereby releasing him as surety. The cause was tried to a jury, and, suretyship having been agreed upon, the court submitted the question of extension as to the release of the surety. The note is an ordinary negotiable instrument, providing for 10 per cent.

interest from maturity and the usual 10 per cent. attorney's fees. Laney, the payee, and the owner of the note, had left the note in a certain bank in Plainview, with other notes, for safe-keeping, and after maturity instructed the cashier of the bank to communicate by letter to the obligor and the surety that the note was due. Oxford, the principal obligor, paid to the cashier of the bank the sum of $150, who wrote upon the back of the note the following indorsement: "Paid on the within 4/22/10, $150.00. $50.00 extended for thirty days and balance for six months from now. No interest paid." After the $150 was paid into the bank, the payee procured the note from the bank, noticed the indorsement on the back of the note above mentioned, erased the word "now" with an indelible pencil, and wrote the word "maturity" just above, and inserted the figure "3" by the side of the figure "4," and wrote the figure "7" upon, and covering, the figure "2" in the date "22," and according to the alterations making the note read as follows: "Paid on the within (3) 4/27/10, $150.00. $50.00 extended for thirty days and balance for six months from maturity. No interest paid."

On the question of the release by the extension, there is no contention by the appellant that there was an agreement for an extension of six months, but that $50 of the remaining principal of the note, after the sum of $150 had been paid, was extended for the period of 30 days. Appellant is insistent, construing the testimony of the appellee Laney in connection with the testimony of Oxford, the maker (who merely testified generally to an extension), that appellee agreed to forbear the term of 30 days, for a valuable consideration, his right to collect the note. The jury evidently disagreed with this construction of the testimony, and we are rather inclined to think, upon close reading of appellee's testimony as a whole, that the agreement between him and Oxford was that Oxford was to pay the sum of $150, and that, if he paid within 30 days the sum of $50, the right of extension would accrue. It is conclusive that, while the $150 was paid, the $50 was never paid by Oxford. While a part of his testimony may be susceptible of the interpretation that he extended the time of the payment of $50 for 30 days, a jury could very readily construe the testimony that Oxford's right was a privilege to pay the money within that time, and that the money could have been paid the next day. In this case, with reference to the extension, unless it is implied, there is nothing said as to the payment of interest during the period of extension; that is, if Oxford should have paid the $50 the next day after the agreement was made, whether he would have to pay interest for the whole period of the 30 days is not indicated. The ambiguity of the agreement is such, as well as a consideration of it from other aspects, as to distinguish this case from the case of Benson v. Phipps, 87 Tex. 580, 29 S. W. 1061, 47 Am. St. Rep. 128, and, on account of being concluded by the jury's verdict, the agreement is more within the purview of the case of Austin Real Estate & Abstract Co. v. Bahn, 87 Tex. 582, 29 S. W. 646, 30 S. W. 430, decided by Chief Justice Gaines, who also rendered the opinion in the Benson-Phipps Case. In the Bahn Case the trial court found: "That a few days after the note sued on became due, and just before it was assigned to the plaintiff, N. E. Fain presented same to defendant for payment, when said Stacey, as president of defendant company, requested that an extension of one week from that day be given on said note, and that the same be not placed in the hands of attorney for collection until one week, and agreed, if this was done, that he would pay the note within that time," etc. The Supreme Court, commenting on this finding, said: "Here the creditor agrees to extend for one week and the debtor agrees to pay *within the week.* [Underscoring ours.] He does not agree that he will not pay until the end of the week, or that in case he does pay he will pay interest for the entire period of the extension. Hence there was no consideration for the promise of the creditor. * * * In the case before us it was the right of the company to pay at any time, notwithstanding Fain's promise, and hence there was no consideration to support that promise."

[1] If the jury construed the agreement for extension that Oxford could pay within the month, hence, as in the case quoted, he could pay the $50 at any time within that period, and, if so, the consideration did not exist.

The appellant, however, asserts that when appellee made the alteration upon the instrument, which was admitted, it should have been rejected, upon objection, from the record. As stated, Oxford, the only witness testifying to the extension, except appellee, merely stated generally that he had procured an extension without indicating the terms of the agreement or the details of same. Appellee's testimony, closely observed, is quite clear that the cashier of the bank did not have the right to indorse the extension upon the back of the note. Of course there are cases, but we do not believe that this is one, where an agent, holding paper and having the right to make applications of payment, would have the apparent or real authority to agree to an extension for the payment of the principal or a part thereof. In this instance it may be that the cashier had the right to receive the $150; we are unable, however, to deduce the authority in any way that he had the right to make any agreement of forbearance or indorse it upon the note. Appellee says

when he erased the word "now" and substituted the word "maturity," and made the other changes indicated, that he was confused as to his right to make the changes and stopped; what further change he would have made is not stated; that a short time after the $150 was paid he informed Oxford that he would make the indorsement on the note, but that when he got the note he found the original indorsement as mentioned. Appellee's testimony may be unsatisfactory on this point, however, if the indorsement upon the back of the note was not the real agreement between appellee and the principal of the note, and that the cashier of the bank had no authority to make any agreement for extension, and, the agreement indorsed upon the back of the note not having been made in accordance with the real agreement made, we think there could be no alteration.

[2, 3] A change of a purported indorsement upon the back of a note, placed there by one without authority to make the same, or to write it, could not be in law an alteration of a contract, hence would be required to be considered as immaterial; we also think it was not incumbent upon appellee to plead, in anticipation of the introduction of his note in evidence, the indorsement on the back of the note and assert the real condition and status for the purpose of making said memorandum unavailable. In this character of case, when he introduced the note he had a right to explain the apparent alterations on the back. Appellant also complains of error in the general charge of the court, but the record is in such condition as to make the assignments unavailable.

[4] There are in the record what purport to be objections to the court's charge, but there is no approved fact incorporated in the record as to when the objections were presented to the court's charge, whether before or after the court delivered the same to the jury, and there is no preservation of exceptions of any action of the trial court overruling such objections. Quanah, Acme & Pacific Ry. Co. v. W. W. Galloway et al., 165 S. W. 546, decided March 14th; Mutual Life Ins. Association of Donley County, Tex., v. Mrs. S. F. Rhoderick, 164 S. W. 1067, decided March 14th, by this court.

Finding no error in the judgment, the case is affirmed.