## JOHNSON v. HOOVER & LYONS.

(Court of Civil Appeals of Texas. Amarillo.
March 21, 1914. Rehearing Denied
April 11, 1914.)

1. APPEAL AND ERROR (§ 499*)—RECORD—OBJECTIONS TO CHARGE.

The record must show objections to the charge were made before it was read to the jury; objections not so presented being, by provision of Acts 33d Leg. c. 59, deemed waived.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2295–2298; Dec. § 499.*]

2. APPEAL AND ERROR (§ 501*)—RECORD—EXCEPTIONS — OVERRULING OBJECTIONS TO CHARGE.

The record must show that exceptions were reserved to the overruling of objections to the charge.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2300–2305; Dec. Dig. § 501.*]

3. APPEAL AND ERROR (§ 501*)—RECORD—EXCEPTIONS—REFUSAL OF INSTRUCTIONS.

Acts 33d Leg. c. 59, providing that the ruling refusing instructions shall be regarded as approved, unless excepted to, the record must show the reservation of the exception.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2300–2305; Dec. Dig. § 501.*]

4. ACCORD AND SATISFACTION (§ 11*) — COMPROMISE AND SETTLEMENT — PART PAYMENT OF UNDISPUTED CLAIM.

Where plaintiffs sold wheat to defendant, and there was no controversy as to the amount due, the sending by him to them of a check of another for a less amount, though indorsed as balance thereon, and their acceptance thereof, does not defeat their claim for the balance; there being no consideration for surrender thereof.

[Ed. Note.—For other cases, see Accord and Satisfaction, Cent. Dig. §§ 75–82; Dec. Dig. § 11.*]

5. PRINCIPAL AND AGENT (§ 142*) — UNDISCLOSED AGENCY—NOTICE.

The sending by defendant to plaintiffs of the check of another for part of the price, after sale by plaintiffs to defendant, personally, of wheat had been consummated by delivery, could not operate as notice that he was buying for such other.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. § 501; Dec. Dig. § 142.*]

Appeal from District Court, Hemphill County; F. P. Greever, Judge.

Action by Hoover & Lyons against J. F. Johnson. Judgment for plaintiffs, and defendant appeals. Affirmed.

N. P. Willis and Frank Willis, both of Canadian, for appellant. Hoover & Hoover, of Canadian, for appellees.

HENDRICKS, J. This controversy arose over the sale and delivery of wheat by the appellees to the appellant, and the payment by the appellant with a check of the Johnson Mercantile Company, for said wheat, with a recitation upon said check, "Balance on Lyon wheat." Appellees claim to have sold the wheat to appellant individually. Appellant alleges that he purchased the wheat as agent for the Johnson Mercantile Company, of which appellees had notice, and that the execution and delivery of the check with the indorsement upon the same was a full settlement as a consideration for the wheat.

The appellant's brief embodies assignments of error leveled at the action of the trial court, by either complaining of some phase of the general charge of the court, or of the refusal of the trial court in failing to give some special instruction requested by him, except the last assignment, which is a complaint that the verdict and judgment is contrary to the law and the evidence.

[1-3] As to the objections to the general charge and the attempted complaint of the action of the court in refusing the special charges, the condition of the record is such that, under the Acts of the Thirty-Third Legislature with reference to the trial of causes and the submission of general and specially requested instructions to the jury, he is unable to complain on account of the inadequacy or total lack of exceptions. General Laws of Texas, Session Acts, p. 113.

We find objections to the charge in the record, purported to have been made by the recitations in the pleading before the charge of the court was read to the jury. However, there is no preservation of exceptions to the action of the court in this respect, nor any approved record showing when the objections were made. The statute imperatively prescribed that the objections shall, in every instance, be presented to the court before the charge is read to the jury, and all objections not so made and presented shall be considered as waived, necessarily requiring the incorporation of the fact of the presentation to the court of the objections before the charge was read to the jury into the record; and exceptions should be reserved thereto not exhibited in this record. The recitation in the pleading is insufficient—the court must act and exceptions be properly preserved. As to the refusal of special charges, the statute also states that the ruling of the court in refusing instructions to the jury shall be regarded as approved, unless excepted to, which is likewise omitted in this record. Quanah, Acme & Pacific Ry. Co. et al., Appellants, v. W. W. Galloway, Appellee, No. 575, 165 S. W. 546, March 14, 1914; Mutual Life Insurance Association of Donley County, Tex., v. Mrs. S. F. Rhoderick, 164 S. W. 1067, March 14, 1914.

[4] The tenth ground of the motion for new trial, brought forward in the brief, is substantially as follows: The verdict is contrary to the evidence, in that the testimony discloses that the matters in controversy, as between the plaintiffs and the Johnson Mercantile Company, were finally closed by settlement between J. F. Johnson as president of the corporation and Reese Johnson, acting in the scope, or apparent scope, of his authority as agent for the plaintiffs. As stated, appellees claim they sold the wheat to J. F.

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

Johnson individually, and not to the corporation. The jury evidently found in their favor upon that issue, and concluded the question. Even if J. F. Johnson was buying the wheat for the Mercantile Company, the appellees had no notice of that fact; the jury said J. F. Johnson was buying it for himself; hence if that be true, the amount as between appellees and J. F. Johnson is an undisputed liquidated demand for the wheat purchased, without the semblance of a bona fide controversy between him as an individual and the appellees as the vendors as to the amount actually owing. Consequently, if J. F. Johnson, as an individual, purchased the wheat, and the trade was a consummated transaction, though afterwards he gave the Johnson Mercantile Company's check in payment of same, and indorsed that it was a balance on wheat, and if it were a less amount paid by J. F. Johnson, in attempted payment for a greater liquidated debt, there is no consideration, and the debt was unpaid. In the case of Bergman Produce Co. v. Brown, 156 S. W. 1104, we quoted with approval the case of Cunningham v. Construction Co., 134 Ky. 198, 119 S. W. 765, as follows: "The payment or tender of a sum less than the amount of the debt, even though accompanied with a statement that it is in full, though accepted by the creditor, does not operate to defeat the creditor from collecting the balance of the debt, for the reason that there is no consideration for the surrender of the unpaid portion." This we think is settled law, and all the cases cited by appellant are clearly distinguishable from the case made.

[5] We infer from the record that the check, though apparently given by the Mercantile Company, was accepted after the consummation of the sale and delivery of the wheat, and could not then afford notice; under the jury's verdict the trade was made with Johnson individually.

The judgment is affirmed.