## SAUNDERS v. THUT.

(Court of Civil Appeals of Texas. Amarillo. March 28, 1914.)

1. APPEAL AND ERROR (§§ 499, 500*)—RECORD —PRESENTATION OF MATTERS FOR REVIEW.

Under Rev. St. 1911, art. 1971, as amended by Acts 33d Leg. c. 59, requiring the charge to be submitted to the parties for inspection, and requiring objections thereto to be presented before the charge is read to the jury, and providing that all objections not so made and presented shall,be considered as waived, where the record does not show that objections to the charge were presented before the charge was read, or show the court's ruling on such objections, they will not be considered on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2295–2298; Dec. Dig. §§ 499, 500.*]

2. APPEAL AND ERROR (§ 501*)—RESERVATION OF GROUNDS OF REVIEW—EXCEPTIONS.

Under Acts 33d Leg. c. 59, providing that the ruling of the court in giving, refusing, or qualifying instructions shall be regarded as approved, unless excepted to, the refusal of special instructions would not be reviewed, where the record contained no exception to the ruling.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2300–2305; Dec. Dig. §. 501.*]

3. BROKERS (§ 82*)—ACTIONS—EVIDENCE ADMISSIBLE UNDER PLEADINGS.

Where the petition alleged that defendant listed land with plaintiff to be leased, and listed cattle for sale, that plaintiff brought about a sale and leasing, and that he was entitled to a reasonable compensation of 25 cents per head for the sale of the cattle, and 5 cents per acre for the leasing of the land, evidence as to the usual or customary commission charged for such services was in conformity with the pleading; the basis of recovery being upon the quantum meruit.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 101–103; Dec. Dig. § 82.*]

4. APPEAL AND ERROR (§ 215*) — RECORD — PRESENTATION OF MATTERS FOR REVIEW.

In an action for commissions for leasing land and selling cattle, where there was evidence that plaintiff procured W. as a purchaser and lessee, though defendant claimed that the real purchaser and lessee was B., any error in an instruction to find for plaintiff if he procured W. or both or either of them as purchaser and lessee could not be reviewed, where there was no objection to the charge which could be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1309–1314; Dec. Dig. § 215.*]

5. EVIDENCE (§ 314*)—ACTIONS—EVIDENCE— HEARSAY.

In an action for commissions for procuring a purchaser of cattle and a lessee of land, evidence as to the negotiations between plaintiff and the purchaser and lessee was admissible, over the objection that it was hearsay, since, though not competent to show plaintiff's authority, it was competent to show that he was the procuring cause of the sale; there being no request to limit its effect.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1168–1173; Dec. Dig. § 314.*]

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes·

Appeal from Gray County Court; Siler Faulkner, Judge.

Action by Henry Thut, Jr., against George H. Saunders. Judgment for plaintiff, and defendant appeals. Affirmed.

Ewing & Dial, of Miami, for appellant. Synnott & Underwood, of Amarillo, and S. E. Boyett, of McLean, for appellee.

HENDRICKS, J. This suit was instituted by the appellee, Henry Thut, Jr., against George H. Saunders, appellant, to recover the sum of $200 for commission, by virtue of certain agency for sale of about 350 head of cattle at a reasonable commission of 25 cents per head, and the leasing of 10 sections of grass for the reasonable commission of 5 cents per acre. Upon appeal from the justice court to the county court of Gray county, the trial resulted in a verdict and judgment in favor of Thut against Saunders for $100, and interest.

Every assignment of error in appellant's brief is either the presentation of a complaint of the action of the court in giving in charge to the jury certain paragraphs of the court's main charge, or the refusal of the court to give to the jury certain special requested instructions, except the last assignment, which is a criticism of the action of the court in permitting certain testimony hereafter noticed by us.

[1, 2] There are objections in the transcript to the court's charge, but this record is absolutely devoid of any action of the trial court upon said objections; it is not stated that he refused the same; neither is there any preservation in the record as to the time of the presentation of the objections to the court's general charge. There must be an incorporation in the record, in some manner, of the fact of the refusal by the trial court of the written objections of a litigant to the general charge, and it must be shown that the objections are presented to the trial court before the charge is read to the jury, for the reason that all objections not so made and presented shall be considered as waived. Article 1971, Session Acts, 33d Leg. p. 113. Again, the ruling of the court in refusing special instructions to the jury shall be regarded as approved, unless excepted to, and, of course, the exceptions to the action of the court should be preserved in the record. We have considered these matters in the following cases, and it is unnecessary to reiterate the reasons here: Q., A. & P. Ry. Co. v. Galloway (decided by this court March 14, 1914) 165 S. W. 546; Mutual Life Ins. Ass'n of Donley County, Texas, v. Rhoderick (decided March 14, 1914) 164 S. W. 1067; Roberds v. Laney (decided March 21, 1914) 165 S. W. 114; McSpadden v. Vannerson, 167 S. W. ——; and Southern Kan. Ry. Co. of Tex. v. Crutchfield (this day decided by this court) 165 S. W. 551.

However, regarding the case upon its mer-

its, on account of the insistent contention in appellant's brief that a certain character of contract was alleged, and, if any proved, it was different; and, second, that the evidence fails to show that the appellee was the procuring cause of the sale of the cattle and the leasing of the land.

[3] Extracted from the record, the appellee pleaded orally as follows: "This is a case appealed from the justice court at Pampa, and the pleadings are oral, and the facts or the allegations of the plaintiff, as established, are about these: Some time in March of this year, he had a conversation with Judge Saunders, in which Judge Saunders listed with him about ten sections of land to lease and about 350 head of cattle to be sold, and the plaintiff alleges that he brought about the sale of these cattle satisfactory to Judge Saunders, and at the same time found a man to whom Judge Saunders could lease the grass, and to whom Judge Saunders did lease the grass, and the plaintiff claims that he is entitled to a reasonable commission of 25 cents per head for the sale of the cattle, and 5 cents per acre for finding a man to whom the judge could lease the grass, alleging that he is entitled to the commission for these services."

[4] Appellee testified that the appellant listed the ten sections of land with him for the purpose of leasing the same to other parties, and about 350 head of cattle for the purpose of sale; that he informed appellee that he was engaged in that business, and testified as to his efforts with one W. W. Mars in procuring the latter as a prospective purchaser of the cattle and as lessee of the land. It is noted that he pleads, as an ingredient of an express contract, that Saunders listed the land and cattle with him; that he brought about the sale of the cattle and the leasing of the grass, and for which he was entitled "to a reasonable compensation of 25 cents per head for the sale of the cattle, and 5 cents per acre" for the leasing of the grass. He testified: "I am acquainted with the usual or customary commission charged for the sale of cattle and the leasing of land. The usual or customary price charged as commission is 25 cents per head on cattle, and on land the commission charged is 5 per cent. on the dollar." This, we understand, is in conformity with the pleading, that part of the basis of recovery being upon quantum meruit.

Appellant says that appellee did not procure the sale of the cattle and the leasing of the grass to W. W. Mars, but, if any sale and lease were made, it was either done with W. W. Mars and his son, Bert Mars, or with the latter exclusively, and that any efforts manifested by the appellee could not, legally speaking, have become an efficient cause. There is testimony by virtue of which the jury could have found that Bert Mars was the exclusive purchaser. However, from another aspect, the jury could have viewed the

testimony that W. W. Mars was also the exclusive purchaser; considered from that view, the evidence tending to show that the latter principally conducted the negotiations with Saunders, made the contract with him for the cattle, that W. W. Mars' money made the first payment upon the cattle, and that he executed the first mortgage upon said cattle as security for the payment of the deferred consideration. Without attempting in the slightest to pass upon the credibility of these witnesses and as to who was the real purchaser of the cattle, there was sufficient evidence afforded to the jury that Bert Mars was not the real purchaser. The court did charge that, if the plaintiff procured W. W. Mars, or both, or either of them, as a purchaser of the cattle and as lessees of the land, to find in the plaintiff's favor. Even if we should consider such a charge as error, which we are not deciding, the jury having had sufficient testimony before it to find that W. W. Mars was the purchaser, without objection to the charge which we could consider, there is a waiver of the purported error; the lower court is the proper forum, under the statute mentioned, to present and argue the question.

[5] Appellant assigns error because the court permitted appellee to testify to his conversation with W. W. Mars relative to his efforts to sell the cattle and leasing the grass; the witness stating that he informed Mars at Amarillo that Saunders wanted to sell about 340 or 350 head of cattle, and lease 10 or 11 sections of grass, and further informed said Mars the price of the cattle and the land. No authority is presented, and appellant says that none is necessary, except the statement that it is hearsay, for the purpose of rejecting this character of testimony. We are at a loss to know how a broker would prove his case if he were unable to state what he did in attempting to procure a purchaser for the purpose of earning the fruits of his contract. If he testified he found the man as a purchaser, it would be a conclusion, and this character of case necessarily involves, to some extent, a detail of the transaction between the agent and the prospective buyer. Associate Justice Williams said, in the case of Ross v. Morkowitz, 100 Tex. 436, 100 S. W. 769: "Another ruling of the trial court, of the correctness of which we had some doubt, was the admission of Kirby's testimony to the fact that plaintiff had notified him that he and Burnett would come to the witness' office for the purpose of making the trade. That statement of plaintiff was not admissible for the purpose of showing his authority to act for Burnett. But there was another fact which it was important for him to establish, namely, that his efforts procured the sale; and his negotiations with Kirby were admissible for that purpose. No request was made to have the court limit the evidence." It is true in that case the testimony of the purchaser of the bank stock as to statements made by Burnett, the broker, was involved, but it is just as much hearsay for the prospective purchaser to testify as to conversations with the broker as for the broker to testify as to conversations with the purchaser. We can see no difference in the status. While not admissible for the purpose of showing the authority to sell the subject-matter of the agency, yet it is admissible as proving the efforts in procuring the sale. In this case, as in the one cited, there was no request to the court to limit the evidence, and we conclude the testimony is clearly admissible.

Justice Reese said, in the case of Luhn v. Fordtran, 53 Tex. Civ. App. 153, 115 S. W. 670: "There was no error in the admission in evidence of what the trustees said to appellee during the negotiations. The testimony tended to show the efforts being made by appellee to sell the property, and also that there was a likelihood that they could eventually be induced to buy." Writ of error in that cause was denied by the Supreme Court. This court held the same thing in the cause of Mitchell v. Crossett, 143 S. W. 966, and to the same effect are the cases of Clark v. Wilson, 41 Tex. Civ. App. 450, 91 S. W. 627; Leuschner v. Patrick (Civ. App.) 103 S. W. 664. This doctrine is thoroughly settled.

Finding no error in this record which we can consider, we affirm the judgment of the trial court.