No error appearing in the record, the judgment is affirmed.

---

ST. LOUIS SOUTHWESTERN RY. CO. OF TEXAS v. TABB. (No. 1269.)

(Court of Civil Appeals of Texas. Texarkana. May 28, 1914.)

1. RAILROADS (§ 441*)—INJURIES TO ANIMALS —BURDEN OF PROOF.

One suing a railroad company for injuries to an animal alleged to have been struck by a train after escaping onto the right of way through a defective fence has the burden of proving that the animal was struck by a train.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1575–1595; Dec. Dig. § 441.*]

2. RAILROADS (§ 443*)—INJURIES TO ANIMALS —EVIDENCE.

In an action against a railroad company for injuries to an animal alleged to have escaped onto the right of way through a defective fence, evidence *held* not to justify a finding that the animal was struck by a train.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1608–1620; Dec. Dig. § 443.*]

Appeal from Titus County Court; Sam Porter, Judge.

Action by G. W. Tabb against the St. Louis Southwestern Railway Company of Texas. From a judgment for plaintiff, defendant appeals. Reversed and rendered for defendant.

J. M. Burford, of Mt. Pleasant, E. B. Perkins, of Dallas, and Glass, Estes, King & Burford, of Texarkana, for appellant. Rolston & Rolston, of Mt. Pleasant, for appellee.

HODGES, J. The appellee recovered a judgment in the court below for the value of a mule which it is alleged was struck and injured by one of the appellant's trains.

[1, 2] The testimony shows that the appellant's right of way runs through a tract of land owned by the appellee; that the fence inclosing the right of way at this point was out of repair and insufficient to turn stock. It is conceded that it devolved upon the appellee to prove that the animal was actually struck by the locomotive or train. The appellee testified that he turned his mule into the pasture adjoining the appellant's right of way on Saturday evening. The next morning he found it a few yards distant from the appellant's track, and near a bridge or trestle, in an injured condition. There were some abrasions and skinned places on the mule's legs, and it seemed to be weak in the loins. He further stated that about 100 or 150 yards south of the trestle he saw tracks indicating that the animal had gone upon the roadbed. There is nothing to indicate whether the mule crossed over and again entered upon the roadbed at a point nearer the bridge or trestle. He also stated that he saw hair on the cross-ties on the trestle. Another witness testified for the appellee that he saw hair on the edge of the cross-ties indicating that this mule had passed over them. He further stated that there was a depression in the ground under the edge of the bridge, showing that an animal had fallen off. There were no marks or evidences on the body of the mule to indicate that it had been struck by the locomotive.

The case was orally argued, and the theory advanced by counsel for appellee that the mule had been caught on the pilot of the engine at the point where his tracks were discovered 100 or 150 yards south of the trestle, and was carried to the latter place and thrown off. There is no evidence tending to show that this was practicable. If this court is permitted to take judicial notice of the form according to which engine pilots are usually constructed, it would be difficult to say that this could be done. If the train upon that occasion were going at a rate of speed sufficient to take up and hold on the pilot an animal of that character for that distance, the collision would have been so violent as to cause the death of the animal, or to leave sufficient marks to show that it had been struck. The fact that the signs indicated that the mule, in falling from the bridge, struck the ground directly under its edge tends to negative the fact that it was thrown off by force of a collision with the train. It did not devolve upon the defendant below to account for the injury; that burden rested upon the appellee.

The evidence, we think, is insufficient to sustain a recovery, and the judgment is therefore reversed and here rendered for the appellant, together with all costs both of this court and of the court below.

---

TEXAS & P. RY. CO. v. BROWN. (No. 1277.)

(Court of Civil Appeals of Texas. Texarkana. June 11, 1914.)

1. APPEAL AND ERROR (§ 230*)—INSTRUCTIONS —NECESSITY OF OBJECTION.

Objections to instructions given, not presented to the court before he read his charge to the jury, as required by Vernon's Sayles' Ann. Civ. St. 1914, art. 1971, cannot be considered on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 230;* Trial, Cent. Dig. § 680.]

2. APPEAL AND ERROR (§ 544*)—INSTRUCTIONS —NECESSITY OF EXCEPTION.

Rulings of the court in refusing special charges, not presented for review by bills of

---

exception, as required by Vernon's Sayles' Ann. Civ. St. 1914, art. 2061, providing that the giving, refusing, or qualifying of instructions shall be deemed to have been approved, unless excepted to in the manner provided, cannot be considered on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2412–2415, 2417–2420, 2422–2426, 2428, 2478, 2479; Dec. Dig. § 544.*]

3. EXPLOSIVES (§ 7*)—INJURIES FROM—VERDICT—SUFFICIENCY OF EVIDENCE.

In an action for negligence proximately causing an explosion, in that defendant failed to furnish electric or other safe and sufficient lights which would not permit the flames thereof being communicated to oil used in torches, the fact that it appeared that the oil furnished was that commonly used in torches, and that it was not shown that a better grade of oil could have been furnished for such use, did not render a verdict for plaintiff contrary to the evidence, where, for aught appearing to the contrary, the finding of defendant's liability was based on its negligence in not furnishing safe and sufficient lights.

[Ed. Note.—For other cases, see Explosives, Cent. Dig. § 3; Dec. Dig. § 7.*]

4. EXPLOSIVES (§ 7*)—INJURIES FROM—QUESTION FOR JURY — CONTRIBUTORY NEGLIGENCE.

On the evidence in an action for negligence proximately causing an explosion, held, that whether plaintiff was guilty of contributory negligence in the manner in which he held his torch to be filled with oil was for the jury.

[Ed. Note.—For other cases, see Explosives, Cent. Dig. § 3; Dec. Dig. § 7.*]

Appeal from District Court, Harrison County; H. T. Lyttleton, Judge.

Action by John Brown against the Texas & Pacific Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

F. H. Prendergast, of Marshall, for appellant. M. B. Parchman and M. P. McGee, both of Marshall, for appellee.

WILLSON, C. J. Having granted the motion of appellant for a rehearing and set aside the submission taken of the cause, and, after permitting it to file briefs, having submitted the cause again on its and appellee's briefs, the appeal will now be disposed of with reference to the assignments of error.

[1, 2] In nine of its assignments appellant complains of the action of the court in giving and refusing instructions to the jury. It does not appear from anything we find in the record that the objections made to the instructions given were presented to the court before he read his charge to the jury, as required by article 1971, Vernon's Statutes; nor are the rulings of the court in refusing special charges requested by appellant presented to this court for review by bills of exception, as required by article 2061, Vernon's Statutes. These assignments, therefore, cannot be considered. Railway Co. v. Wadsack, 166 S. W. 42; Johnson v. Hoover, 165 S. W. 900; Roberds v. Laney, 165 S. W. 114; Railway Co. v. Galloway, 165 S. W. 546; Saunders v. Thut, 165 S. W. 553.

[3] The verdict of the jury is attacked as contrary to the evidence, in that, as appellant insists is true, it appeared from uncontradicted testimony that the oil it furnished was of the kind commonly used in torches, and did not appear that there was a better grade of oil which it could have furnished for use in the torches. If it should be conceded that appellant's contention in this respect should be sustained, it would not be a reason why the judgment should be reversed. For appellee alleged that appellant was guilty of negligence which proximately caused the explosion, in that it failed to furnish "electric or other safe and sufficient lights which would not admit of the flames thereof being imparted to said oil and gas given off by said oil," and proved facts authorizing a finding by the jury to that effect. For aught we know to the contrary, the finding of liability on the part of appellant was based on negligence in that respect. Railway Co. v. Woods, 149 S. W. 372; Oil Co. v. Snell, 47 Tex. Civ. App. 413, 106 S. W. 170.

[4] It is further insisted that the verdict is contrary to the evidence, in that it appeared that the explosion must have been caused by the manner in which appellee "held his torch while Pierce was filling his torch with oil, and by the proximity in which Brown held his burning torch to the one being filled." The testimony with reference to this phase of the case was that the oil can was on an iron block about 1½ feet high. Pierce was filling his torch by so tilting over the can as to cause the oil to run from it into the torch held under it, while appellee was standing 3½ or 4 feet from him, holding his (appellee's) torch up, over Pierce's head, so the latter could see how to pour the oil. We do not think we would be warranted in saying from this testimony that it appeared, as a matter of law, that appellee was guilty of negligence in the manner in which he held his torch.

The judgment is affirmed.