### ELLEDGE v. ST. LOUIS SOUTHWESTERN RY. CO. OF TEXAS.
### (No. 7717.)

(Court of Civil Appeals of Texas. Dallas. March 24, 1917. On Motion for Rehearing, April 6, 1918.)

1. EXCEPTIONS, BILL OF ⊛⟿41(1)—LATE FILING.

Bills of exceptions, not filed within the time allowed therefor, cannot be considered on appeal.

2. APPEAL AND ERROR ⊛⟿511(2) — RECORD — RESERVATION AND FILING OF BILLS OF EXCEPTIONS.

The record must show the reservation and seasonable filing of necessary bills of exceptions.

3. APPEAL AND ERROR ⊛⟿544(1) — BILLS OF EXCEPTIONS—NECESSITY—RULINGS ON EVIDENCE AND SPECIAL CHARGES.

Reservation and seasonable filing of bills of exceptions is necessary under Acts 33d Leg. c. 59, for review of rulings in giving special requested charges and admitting evidence.

On Motion for Rehearing.

4. APPEAL AND ERROR ⊛⟿715(2) — BILLS OF EXCEPTIONS — EXCUSE FOR LATE FILING — DETERMINATION ON APPEAL.

The issue of fact whether appellant's failure to seasonably file bills of exceptions was due to fault of appellee's counsel in detaining them for examination, presented for the first time in the appellate court by affidavits, cannot be entertained and determined.

5. APPEAL AND ERROR ⊛⟿544(1) — RESERVATION OF GROUNDS OF REVIEW—OBJECTIONS TO CHARGE—BILLS OF EXCEPTION.

Did the record show that objections to paragraphs of the court's general charge were presented to the trial court before the charge was read to the jury, they, without reservation of formal bills of exception, would entitle appellant to review of those paragraphs.

Appeal from District Court, Henderson County; John S. Prince, Judge.

Action by Roland Elledge against the St. Louis Southwestern Railway Company of Texas. From an adverse judgment, plaintiff appeals. Affirmed.

Miller & Miller, of Athens, and Simkins & Simkins, of Corsicana, for appellant. E. B. Perkins, of Dallas, R. S. Neblett, of Corsicana, and W. N. Bishop, of Athens, for appellee.

TALBOT, J. This suit was instituted by the appellant against the appellee, to recover damages for personal injuries alleged to have been sustained by him as the result of the negligence of appellee's servants in control of and operating one of its freight trains. The petition alleges, in substance, that appellant contracted with appellee to have it ship a car of hogs over its line of road from Ash Spur, Henderson county, Tex., to Ft. Worth, Tex.; that he got on the train transporting the hogs at Ash Spur, and went to Athens, Tex.; that while at Athens he paid the freight charges and received a bill of lading for the shipment, and also got from appellee a "drover's pass"; that by virtue of said pass he became and was a passenger on said train; that when the train reached Malakoff, a station on appellee's road, he was advised that it would remain there 15 minutes; that while the train was standing at Malakoff he alighted therefrom and went to look after his hogs and "other affairs"; that the train, after standing at Malakoff about 5 minutes, began to move off as if leaving that station, and some one of the crew in charge thereof told appellant to get aboard; that he attempted to get aboard, and for that purpose caught hold of the handholds on the caboose car attached to said train; that while he was thus attempting to get on the caboose the train, through the negligence of appellee's servants operating the same, was "caused to give a sudden jerk, unusual and violent jolt or jostle, whereby the plaintiff was thrown to the ground and under said train, and permanently injured by having his left foot and ankle crushed, requiring amputation. Appellant prayed for actual damages in the sum of $15,000, and exemplary damages in the sum of $5,000. The appellee pleaded, among other things, a general and special demurrer, contributory negligence, and specially that appellant's right to be upon the train was by virtue of a written contract known as a drover's pass, and that under the terms and provisions of the same he agreed not to get on the train while it was in motion, but to get on only while the train was standing still; that he further agreed that he would not get on or off the train while switching was being done; that after the train was put in motion at Malakoff, and while moving appellant of his own volition undertook to get upon the same, and in so doing he slipped and fell, and thereby received the injuries of which he complains. The case was tried by the court and a jury, and the trial resulted in a verdict and judgment in favor of the appellee.

[1] The appellant presents seven assignments of error, but appellee objects to a consideration of all of them, and the objections are well taken. The term of the court at which the case was tried and appealed from rendered adjourned on the 10th day of October, 1915. Ninety days after adjournment was given appellant within

which to file a statement of facts and bills of exception. The time granted for the filing of these bills, as will be observed, expired on the 9th day of January, 1916. Six of said bills, as shown by the record, were not filed until the 14th day of January, 1916, and the other (the seventh) was not filed until the 23d day of February, 1916. The first, third, and fourth assignments of error challenge the correctness of certain paragraphs of the court's general charge. The second, fifth, and sixth assert that the court erred in giving certain special charges requested by the appellee, and the seventh complains of the admission in evidence of the contract entered into between appellant and appellee for the shipment of the former's hogs, and by the terms of which he had the right, under certain conditions, to ride on the train carrying said hogs. There is in the record what purports to be objections made to the paragraphs of the court's general charge complained of, but it does not appear that these objections were presented to the court before he read said charge to the jury, as required by article 1971 of Vernon's Sayles' Texas Civil Statutes. In fact it does not appear that the document containing these objections was ever presented to the court. There is also in the record what purports to be bills of exception, asserting that over the objections of the appellant the several paragraphs of the charge assigned as error were read to the jury, but, as indicated above, these bills were filed after the time allowed for the filing of them had expired, and they cannot be considered in support of the assignments.

[2, 3] The record also contains what purport to be bills of exception reserved to the action of the court in giving the special charges requested by appellee and in admitting in evidence the contract entered into between appellant and appellee for the shipment of the hogs, but these bills, like the ones taken to the action of the court in giving the general instructions complained of, were filed after the expiration of the time allowed for the filing of them, and likewise they cannot be considered. In order to have the court review the action of the trial court in giving the paragraphs of the general charge in question, it devolved upon appellant to show by the record that the objections made by him were presented to the court before he read his charge to the jury, and that such objections were overruled. And in order to have this court review the rulings of the court in giving the special charges in question and admitting in evidence the contract referred to, it was necessary for appellant to have the record disclose that proper bills of exception had been reserved to such rulings and filed in the trial court within the time prescribed by law. That such was the duty of the appellant in order to take advantage of the errors, if errors, complained of under chapter 59, Acts 33d Leg., is so well settled that it is unnecessary to cite authorities, but the following are some of the cases upon the subject: Railway Co. v. Culver, 168 S. W. 514; Railway Co. v. Brown, 168 S. W. 866; Johnson v. Hoover, 165 S. W. 900; Roberds v. Laney, 165 S. W. 114; Saunders v. Thut, 165 S. W. 553.

The judgment is affirmed.

## On Motion for Rehearing.

[4] The appellant, in his motion for rehearing, insists that we erred in refusing to consider his assignments of error "because the failure of appellant to file his seven bills of exceptions within the statutory time was due to the inexcusable negligence of both counsel for the appellee, inasmuch as appellant had prepared his seven bills of exceptions within ample time, and inasmuch as counsel for appellee had negligently detained said bills of exceptions for examination until the statutory time had expired." Affidavits alleging facts which tend to support this insistence have been filed in this court, and our consideration of them requested. A thorough investigation has convinced us that we are not authorized to comply with this request, however much we might be disposed to do so. The appellee has filed an answer to appellant's motion, and an issue of fact, as to who is responsible for the failure to have the bills of exception filed within the time allowed, is sharply drawn. Such an issue of fact presented for decision for the first time in this court by affidavits, cannot be entertained and determined. This court has no such jurisdiction. This is affirmed in disposing of similar questions by decisions of appellate courts of this state. Brown v. Torrey, 22 Tex. 54; Chrisman v. Graham, 51 Tex. 454; Von Boeckmann v. Loepp, 73 S. W. 849. A statement of facts or bills of exception cannot be supplied by affidavits. Live Oak County v. Heaton, 39 Tex. 499. Except for ascertaining matters of fact necessary to the proper exercise of their jurisdiction, Courts of Civil Appeals are confined to the record as made by the trial court. W. B. Walker & Son v. Allen, 95 S. W. 585; Willis & Bro. v. Smith et al., 90 Tex. 635, 40 S. W. 401; Telegraph Co. v. Christenson, 78 S. W. 744; Holliday v. Sampson, 42 Tex. Civ. App. 364, 95 S. W. 643; Bank v. Milling Co., 152 S. W. 663.

[5] The objections to paragraphs of the court's general charge would, it seems, have been sufficient to have entitled appellant to invoke the judgment of this court as to the correctness of those paragraphs, had the record shown that the objections had been presented to the trial judge before his charge was read to the jury, without formal bills of exception reserved to the giving of them, but this the record does not show, as pointed out in our original opinion. In order, however, to have the court's action in giving the special charges requested by appellee review-

ed on appeal, it was necessary, under numerous decisions of this state, for appellant to present the matter in this court by proper bill of exception filed in the lower court within the time required by law. Railway Co. v. Dickey (Tex.) 187 S. W. 184.

The appeal upon the record sent to this court has been properly disposed of, and the motion for rehearing must be overruled; and it is so ordered.