SOUTHERN KANSAS RY. CO. OF TEXAS v. CRUTCHFIELD.

(Court of Civil Appeals of Texas. Amarillo. March 28, 1914.)

1. APPEAL AND ERROR (§ 681*)—RECORD—REVIEW—AMENDMENT OF PETITION.

It cannot be said that there was, what is not allowed, an amendment of the petition, on appeal from a justice to the district court, equivalent to bringing a new action, on the theory of the original petition stating no cause of action, it merely appearing that in the district court, to meet a special exception, that the petition did not allege which of defendant's trains killed plaintiff's cow, or the time of day it was killed, an amendment was made.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2883, 2884; Dec. Dig. § 681.*]

2. PLEADING (§ 34*)—CONSTRUCTION—GENERAL AND SPECIFIC ALLEGATIONS.

The general allegation of negligence in a petition is referable to, and controlled by, the specific acts of negligence charged.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 5½, 66–74; Dec. Dig. § 34.*]

3. RAILROADS (§ 439*) — KILLING STOCK — FAILURE TO OBSERVE AND WARN—PLEADING.

Failure to observe, as an element of failure to warn, is sufficiently alleged, as against a general demurrer, by the allegation, in a petition for the killing of a cow by a train, that the engineer negligently failed to warn the cow from the track.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1551–1569; Dec. Dig. § 439.*]

4. APPEAL AND ERROR (§ 230*) — REVIEW — WAIVED OBJECTIONS TO CHARGE.

Under Rev. St. 1911, art. 1971, as amended by Acts 33d Leg. c. 59, providing that objections to the charge not presented to the court before it is read to the jury shall be considered waived, objections so waived cannot be urged on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 230.*]

Appeal from District Court, Carson County; F. P. Greever, Judge.

Action by J. J. Crutchfield against the Southern Kansas Railway Company of Texas. From a judgment of the district court for plaintiff, on appeal from a justice, defendant appeals. Affirmed.

Hoover & Hoover, of Canadian, for appellant. Fayette Ratliff, of Panhandle, for appellee.

HENDRICKS, J. This suit was instituted by the appellee, Crutchfield, against appellant railway company, in the justice court, precinct No. 1, Carson county, for the sum of $100, for damages for the loss of one milch cow, alleged to have been killed by the negligence of the railway company in the operation of one of its trains. Upon appeal to the district court of that county (the county court of Carson county not having civil jurisdiction), a verdict and judgment were rendered in favor of appellee for the sum of $100, and in the district court plaintiff amended its cause of action by written pleading brought about by a special exception of the appellant railway company, in which amendment it was more specifically alleged which particular train killed the cow of plaintiff and the time of the day the act occurred.

The appellee, plaintiff in the lower court, in the written amendment of his cause of action alleged that the defendant, in operating one of its east-bound freight trains through the town limits of the town of White Deer, about nine o'clock a. m., April 26, 1913, negligently, and without exercising the proper degree of care ran down and ran against plaintiff's cow, and thereby killed her, to the plaintiff's damage, etc. Following this general allegation, "plaintiff alleges that defendant * * * was negligent in this: Defendant was running said train at a high rate of speed through the limits of the town of White Deer, at which place it has no fence inclosing its right of way, and that defendant knew, or could have known, by exercising ordinary care, that stock and cattle are running at large on several sections surrounding said town of White Deer; and would further show that said cow was upon the right of way for a distance of several hundred

yards and 'that said employés operating said train neglected to sound any warning, whistle, or alarm to cause said cow to leave said track, and. that said defendant failed to slow down said train, but negligently ran down said cow, all of which [was] the proximate cause of the death and loss of said cow." Upon the pleading of the railway company to the effect that said company was- not required to fence its right of way at the place where the accident occurred, the plaintiff, in open court, then admitted that said company was not required to fence its right of way where the cow was killed, which said admission seems to have been regarded by counsel in the trial court as a part of plaintiff's pleadings.

[1] As stated, the railway company demurred that the original petition neither alleged which train killed the cow nor the time of day the same was killed, and we gather from the record that the amendment met this special exception alleging said omissions. Appellant says that this amendment would be equivalent to the bringing of a new action, which could not be done in the district court, for the reason that the pleading amended stated no cause of action, and attempts to apply· the case of Lasater v. Fant, 43 S. W. 321, decided by the Supreme Court of this state. The cause decided by the Supreme Court was an action of forcible entry and detainer, the complaint in which was totally defective with reference to several particulars specifically prescribed by statute, and Justice Williams did say in that case: "The complaint is so defective that it states no cause of action whatever, and an amendment of it in the county court would be equivalent to the bringing of a new action, which cannot be done in that court"— and reversing and dismissing the cause on that account. The statement of the original' cause of action made by appellee in the justice court, or either in the district court, in the first presentation of same, is not in this record. The citation would not be so regarded strictly as a pleading for the purpose of solving this question, and we are unable to determine that the amendment here was equivalent to· the presentation of a new cause of action, and can only determine that it was amended as indicated, unless we would presume that the abandoned pleading contained all the other elements indicated in the amended pleading, except the new allegations produced by the demurrer. If we regard it as merely an amplification of the original statement of· the cause of action produced· by the demurrer, this record does not bring the case within the rule of the Supreme Court announced in the Lasater–Fant Case, supra. In that case the complaint of forcible entry ·and detainer was, so to speak, a piece of waste· paper, and did not constitute a pleading invoking the elements of the statute in such causes, and the Supreme Court regarded the amendment as the first statement of any cause of action—quite different from the record here.

[2] The railway company complains that the verdict and judgment. is contrary to the law and the evidence, which we regard as the only question in the case. Noting the plaintiff's pleadings, the challenge is that there .is an omission of allegation that the engineer operating the train saw the cow upon the track, or could have seen the animal by the exercise of ordinary care, and that the general allegations of negligence in said petition would be referable only to the allegations of particular negligence, and would not embrace any negligence, attempted to be imputed to the engineer with reference to seeing or failing to see said animal upon the track. Relevant to this pleading, we think appellant is right, under numérous authorities that the general allegations of negligence would be controlled by the allegations of specific acts charging a want of ordinary care. It is, however, undisputed in this record that an engine, about the time mentioned in plaintiff's petition, killed the particular cow. The testimony tends to show that this particular engineer was operating the engine causing this accident. Without objection, he testified that the trainmaster tendered him a form of accident report for the purpose of making out the same; however, stating that he denied killing the cow on that particular date. This was for the jury, and, even upon testimony of this character, it could be inferred that this agent, to whom was tendered this report, and recognized by the railway company as the· one committing the act, was the one, in "operating said train, neglected to sound any warning, whistle, or alarm to cause said cow to leave said track, * * * and failed to· slow down said train, * * * which was the proximate cause of the death of said cow." It is clear from the ·engineer's own testimony that he could have seen and warned the cow if the cow was upon the track, as suggested by the other· witnesses. The jury concluded that the cow was upon the track, and the testimony points to this particular engineer, on account of the recognition by the railway company that he was the one who was to make out the accident report, and hence the one who killed the cow.

. [3] It is fundamental that the object of pleading is to inform the opposite party of the matters which the latter will be called upon to meet upon the trial of the case. The railway company was informed in this instance that the engineer negligently failed, by appropriate warning or signals, to frighten the cow from the track, and to retard the speed of the train to permit the animal to· leave the track. On account of the verdict resolving the evidence more favorably to the appellee, the farthest distance from the train. to the point where the cow was standing upon the track is so considerable as to clearly

show that the engineer might have had ample opportunity to have warned the cow from the track. Appellant says, however, that, if there is no allegation that he saw the cow, or could have seen the animal, the failure to warn could not be a predicate of negligence. The failure to warn, however, necessarily implies a failure to observe, and appellant, as against a general demurrer, was apprised of that fact. We do not mean apprised of the fact that a failure to observe would be an ingredient directly relied upon as a ground of recovery, but that, as an incident of the failure to warn, the latter being the gravamen of recovery, the former element, to that extent, was a constituent of the latter. We do not understand that it would be necessary, as against a general demurrer, in alleging that a failure to warn the cow from the track, as a ground of recovery, that it was necessary to specifically allege, in order to prove the failure to warn, that the agent of said railway company also failed to exercise ordinary care to observe said cow upon said track, and that the lack of the latter allegation would destroy plaintiff's case; it may be a requisite of proof of the former, in order to prove the latter. However, in order to warn, necessarily you have to see the object in order to carry out the warning, and the defendant railway company was inferentially apprised of that fact from the pleading itself.

[4] It is true in this case the court, in his general charge to the jury, charged the failure to see the cow, coupled with the failure to warn, as facts to be found by the jury before plaintiff could recover. Even if this would be considered as error, it is waived by appellant, for the reason that the objections to the general charge of the court, ostensibly overruled by the trial court, are not presented in this record in such manner as that this court can consider them, and, under the Acts of 33d Legislature, p. 113, the·failure to object waives the errors in the charge, at least the character of error attempted to be invoked as to the particular matter. Article 1971 says that an objection not so made and presented "shall be considered as waived," and the logic is that, if objections which could have been made are not made to the charge of the trial court, unless fundamentally erroneous, the litigant accepts the charge. If an objection is waived which could have been made, it means the objection is waived in the appellate court, and should not be urged in that tribunal. It means that, if the trial court was not afforded an opportunity to correct the alleged error, and conform his charge to the suggestions presented, the action of the trial court is approved.

The action of the trial court in refusing the special charge upon which an assignment of error is based is likewise not presented so that we may consider same.

Upon this record, the judgment of the trial court will have to be affirmed, and it is so ordered.