## MISSOURI, O. & G. RY. CO. OF TEXAS v. LOVE. (No. 7173.)

(Court of Civil Appeals of Texas. Dallas. June 13, 1914. On Motions for Rehearing and to Correct Opinion, Oct. 17, 1914.)

1. TRIAL (§ 253*)—INSTRUCTIONS—REQUEST TO CHARGE.

Where, in an action for injuries to a brakeman, plaintiff's right to recover was predicated on defendant's negligence in improperly constructing its track, and also in operating an engine at a high speed, and the evidence was sufficient to carry both questions to the jury, an instruction that the undisputed evidence showed that plaintiff knew that defendant's roadbed and track were comparatively new, and that there were defective places therein, and that, having elected to work on the road with such knowledge, he assumed the risk and could not recover, was objectionable as eliminating the issue of negligent speed, and was therefore properly refused.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 613-623; Dec. Dig. § 253.*]

2. APPEAL AND ERROR (§ 263*)—INSTRUCTIONS—EXCEPTIONS—NECESSITY AT TRIAL.

Rev. St. 1911, art. 1974, as amended by Act 33d Leg. c. 59, provides that, when instructions are refused, the judge shall note those refused and subscribe his name thereto, when the instructions shall be filed and shall constitute a part of the record and be subject to revision for error. Article 2061, as amended, declares that the ruling giving, refusing, or qualifying instructions shall be regarded as approved unless excepted to as provided by the previous article. Held that, where the appellate record failed to show that the refusal of a request to

charge was excepted to as provided by section 1974, as amended, it was not reviewable for error, though defendant's motion for new trial specified error in such refusal, and the overruling of such motion was duly excepted to.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1516-1523, 1525-1532; Dec. Dig. § 263.*]

3. EVIDENCE (§ 271*)—DECLARATIONS TO PHYSICIAN—COMPLAINTS OF PAIN.

Evidence that plaintiff complained of suffering a good deal more when on his side was admissible as involuntary expressions of present pain or suffering, and not objectionable as hearsay and self-serving statements.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1068-1079, 1081-1104; Dec. Dig. § 271.*]

4. APPEAL AND ERROR (§ 961*) — REVIEW — MATTERS OF DISCRETION—DEPOSITION—MOTION TO SUPPRESS—REVIEW.

Denial of a motion to suppress a deposition, in the exercise of the trial court's discretion, will not be reversed on appeal, in the absence of a showing of abuse.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3839, 3840; Dec. Dig. § 961.*]

5. EVIDENCE (§ 155*)—RELEVANCY—EVIDENCE ADMISSIBLE BY REASON OF THE ADMISSION OF OTHER EVIDENCE.

Where, in an action for injuries to a brakeman, defendant introduced evidence that plaintiff drank too much whisky and was discharged from the service of another railroad, prior to his employment by plaintiff, for being drunk while on duty, plaintiff was entitled to offer in evidence in rebuttal a service letter signed by the superintendent of such other railroad reciting that plaintiff resigned from the service and that his services were generally satisfactory.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 445-458; Dec. Dig. § 155.*]

6. EVIDENCE (§ 471*)—RELEVANCY—OPINION OR FACT.

Where certain witness had testified for defendant that plaintiff had been discharged by his former employer for intoxication while on duty, evidence by plaintiff in rebuttal that there had been friction between himself and such witness was a statement of a fact and not objectionable as an expression of an opinion.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2149-2185; Dec. Dig. § 471.*]

7. APPEAL AND ERROR (§ 1004*) — REVIEW — VERDICT—EXCESSIVENESS.

Where, in an action for injuries to a servant, the evidence was conflicting as to the seriousness of the injuries and whether they or some of them were permanent, but was amply sufficient to justify the conclusion that they were serious and permanent, a verdict for $5,000 would not be set aside on appeal as excessive.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3944-3947; Dec. Dig. § 1004.*]

Appeal from District Court, Grayson County; W. M. Peck, Judge.

Action by O. E. Love against the Missouri, Oklahoma & Gulf Railway Company of Texas. Judgment for plaintiff, and defendant appeals. Affirmed. Rehearing denied.

John T. Suggs, of Denison, and Head, Smith, Maxey & Head, of Sherman, for appellant. McReynolds & Hay, of Sherman, for appellee.

---

TALBOT, J. Appellee sued appellant to recover damages for personal injuries sustained by him on or about October 10, 1912. He alleges that while employed as a brakeman by the defendant, and while he was riding, in the performance of his duties, on the tender of an engine which was being operated and run by defendant from Denison to Gover, Tex., the tender was derailed, causing him to be thrown violently to the ground and injured in the back and other portions of his body. The suit is predicated upon two grounds of negligence: (1) That the railroad track was improperly constructed and in bad condition in that it had in it what is called high and low places, and in that the rails and cross-ties were loose; (2) that the engine was operated at a high and dangerous rate of speed. Defendant answered, denying the negligence charged and the gravity of the injuries, admitted that its track was not ballasted with rock or similar material, alleged that it was a new road constructed over a new roadbed; that plaintiff was engaged in interstate commerce; that he well knew the condition of the road; and that his injury resulted from a risk assumed by him, or his own negligence. Upon the trial of the case, the jury returned a verdict in favor of the plaintiff for $5,000, and, judgment having been entered therefor, the defendant appealed.

[1] The first assignment of error complains of the court's action in refusing to charge the jury at appellant's request to return a verdict in its favor, and the second assignment is as follows:

"The court erred in refusing to give the second special instruction requested by the defendant as follows: 'Gentlemen of the Jury: The undisputed evidence in this case shows that at the time of the derailment of the tender, when plaintiff claims he was injured, plaintiff was engaged in interstate commerce. The undisputed evidence further shows that the plaintiff knew that defendant's roadbed and track were comparatively new, and that there were holes, low joints, and defective places in its roadbed and track, and that such condition rendered the operation of engines thereon dangerous. You are therefore instructed that he assumed the risk of riding over said road and track on the tender, and you will return a verdict for the defendant.' "

We think the court did not err in refusing these charges. If it should be conceded that the facts enumerated in the charge, to which the second assignment of error relates, were established by the undisputed evidence, yet neither that charge nor the charge to which the first assignment of error relates should have been given. By the pleadings and evidence a distinct issue of whether or not the tender upon which plaintiff was riding was, at the time of the accident, being operated at an excessive and dangerous rate of speed, and was the proximate cause of plaintiff's injuries, was raised for the determination of the jury, and by both the special charges under consideration this issue was eliminated and a verdict absolutely in favor of the defendant, upon the whole case, directed. The giving of these charges, therefore, would have been positive error against the plaintiff, even though the defendant was entitled to a verdict on the question of the condition of the railroad track. But we are inclined to think the evidence was sufficient to require the submission of both questions to the jury, as was done by the court, for their determination, and that for this further reason said charges were properly overruled. In other words, we are of opinion that whether or not the plaintiff assumed the risk of riding over defendant's railroad track under the circumstances shown was an issue of fact for the jury.

[2] Touching the measure of plaintiff's damages, the defendant requested the court to charge the jury as follows:

"If you should find for the plaintiff, you are instructed that he can only recover for such injuries as the proof shows affirmatively he has sustained as a direct result of the negligence of the defendant, and, unless it is shown affirmatively by fair preponderance of evidence that the plaintiff's injuries are of a permanent character, you will disallow his claim for injuries of that character, and, in arriving at the amount of your verdict, you will not allow anything for permanent injuries."

This charge was refused, and its refusal complained of by appellant's third assignment of error. A consideration of this assignment is objected to by the appellee, and we believe the objection is well taken. Article 1974 of the Revised Statute of 1911, as amended by the act of the Thirty-Third Legislature (chapter 59), provides that:

"When the instructions asked, or some of them, are refused, the judge shall note distinctly which of them he has given and which he refused, and shall subscribe his name thereto, and such instructions shall be filed with the clerk and shall constitute a part of the record of the cause, subject to revision for error."

And article 2061 of said Revised statute, as amended by said act, provides:

"The ruling of the court in the giving, refusing or qualifying of instructions to the jury shall be regarded as approved unless excepted to as provided for in the foregoing articles."

The record sent to this court fails to show that the ruling of the court in refusing to submit the special charge in question was excepted to by the defendant, and the ruling cannot be reviewed on this appeal. The fact that defendant's motion for a new trial assigned error upon the action of the court in refusing the special charge, and the fact that the order of the court overruling this motion was excepted to, will not suffice to bring the ruling of the court in review. This, under the articles of the statute referred to, could only be done by bill of exceptions taken and incorporated in the record sent to this court. This not having been done, this court must regard the refusal of the special charge as having been approved by the defendant. Mutual Life Ins. Ass'n v. Rhoderick, 164 S. W. 1067; Roberts v. Laney, 165 S. W. 114; Railway Co. v. Galloway, 165 S. W. 546;

Railway Company v. Crutchfield, 165 S. W. 551; Saunders v. Thut, 165 S. W. 553.

[3] The next assignment of error asserts that the court erred in permitting the witness Dr. A. V. Rutledge to state, over the objections of the defendant, that the plaintiff "complained of suffering a good deal more when on his side." The question eliciting this statement of the witness, as shown by the bill of exception, was: "What complaints of pain, if any, plaintiff made that he suffered in different positions." The objections to the question were that it called "for hearsay, self-serving statements, and as being immaterial and irrelevant." We think there was no error in the admission of this testimony. The witness was a physician, and the statement in question made to him during an examination of plaintiff with a view of ascertaining the nature and extent of his injuries, and the conclusion that his expressions were a narrative of a past occurrence, would not be warranted. The statement of facts shows that the testimony of the witness here complained of referred to an examination made of the plaintiff in October, 1912, shortly after he was hurt, and not "shortly before the trial" of the case, as contended by appellant. The witness said:

"When I first called on Mr. Love along in October, 1912, he was on his back in bed. He was lying on his back. Of course he wasn't on his back all the time. He was complaining to me at that time as his physician. He complained of suffering a good deal more when he was on his side than when he was on his back. He said he had to occupy the position on his back."

These expressions fall within the rule that involuntary expressions of present pain or suffering, which exclude the idea of premeditation, are admissible in cases of this character.

[4] The sixth assignment complains of the court's action in overruling the motion of appellant to quash the deposition of the witness Dr. Henry Pace. The grounds on which this motion was based were that a cross-interrogatory propounded to the witness was by him answered in a manner not direct or responsive to said interrogatory, but evasive thereof, and defendant was entitled to have a full and fair answer to said question. The action of the court in this matter does not constitute reversible error, if error at all. It is the settled rule in this state that the suppression of a deposition is largely within the discretion of the trial court, and that his ruling will not be reversed on appeal, unless it is made to appear that this discretion has been abused. This has not been made to appear in this instance, and the assignment will be overruled.

[5] Nor do we think the court erred in admitting in evidence the instrument referred to as a service letter, which is as follows:

"Certificate of Service.

"Houston, Texas, October 18, 1911.

"This is to certify that Ora Elmer Love, description as filed with personal record dated September 21, 1910; age, 36; height, ......; feet, ......; weight, ......; color of eyes, ......; color of hair, ......; complexion, ......; mark or deformity, none—has been employed in the capacity of switchman at Houston, Texas, in the transportation department of the Texas & New Orleans R. R. Co. from September 21, 1910, to October 18, 1911. Services generally satisfactory. Date of leaving service and cause, October 18, 1911, resigned.

"J. E. Taussig.

"Superintendent Houston Terminals."

The execution of this letter by defendant was sufficiently proved, and it was admissible by rebuttal for the purpose of contradicting the testimony of defendant's witnesses, Hochuli, Dundas, and Lallier, as to the cause of the plaintiff leaving the service of the Texas & New Orleans Railway Company. Three witnesses introduced by the defendant testified in substance that plaintiff drank too much whisky and was discharged from the service of the Texas & New Orleans Railway Company for being drunk while on duty. In rebuttal of this testimony the plaintiff testified:

"I have heard the testimony of Dundas, Hochuli, Lallier, and others in regard to my being drunk down at Houston while working for the Texas & New Orleans. I worked for the Texas & New Orleans at Houston a little over one year. I think it was in October, 1911, that I left the service of that company. I resigned from the service. At the time I severed my connection with the company I got what is called a service letter (the letter in question). I got this letter from Mr. Taussig, superintendent of terminals. I was standing outside of the railing when he signed it. I could see him writing over there. I wasn't right close to him, and saw him put his signature. I wasn't close enough to see what he was writing on. I am satisfied that is what he was doing; putting his signature to it."

The service letter was then offered and admitted, and we think its admission proper.

[6] We are further of the opinion that the court did not err in permitting the plaintiff to testify, over the objection of the defendant, that it was a conclusion and opinion of the witness "that there had been friction between himself and the witnesses Dundas and Lallier." It is clear that the statement objected to was not the expression of the opinion of the witness, but the statement of a fact.

[7] It is assigned that the verdict is excessive, for that the great preponderance of the evidence shows that plaintiff's injuries were of a trifling and temporary character, and that in all reasonable probability he would speedily recover therefrom. The testimony was conflicting as to the seriousness of plaintiff's injuries and as to whether or not they, or some of them, were permanent or only temporary, but it was amply sufficient to justify the conclusion that they were serious and permanent. In this state of the evidence we would not be justified in disturbing the verdict of the jury.

The evidence is sufficient to establish the material allegations of the plaintiff's petition and to warrant the jury's finding that the

plaintiff did not assume the risk of being injured, and the judgment is affirmed.

## On Motions for Rehearing and to Correct Opinion.

The motions of the appellant, Missouri, Oklahoma & Gulf Railway Company of Texas, and United States Fidelity & Guaranty Company, for rehearing, have been carefully considered, and, because we are of opinion that all questions presented by them have been correctly disposed of, they are overruled. In disposing of the railway company's seventh assignment, however, relating to the admission of an instrument termed a "service letter," we incorrectly stated that "the execution of this letter by defendant was sufficiently proved," and the railway company has filed a motion asking that the opinion of the court in this respect be amended and corrected. This motion will be granted. It does not appear that the letter referred to was executed by the defendant railway company, appellant here, but the proof is sufficient to show that it was executed by the Texas & New Orleans Railway Company, or by its authority; and, this being true, it was properly admitted in evidence, for the reason stated in our original opinion.

The motions for rehearing are overruled. The motion to amend is granted.