### W. B. TURNER v. JULIA W. CLARK ET AL.

Delivered April 28, 1898.

**1. Limitation—Presumption on Appeal.**

Where there is nothing in the record on appeal showing that a special exception interposing the statute of limitations was ruled on by the trial court, the presumption obtains that it was waived.

**2. Pleading—Admission.**

Where, in an action to compel executors to pay plaintiff an annuity which a will provided for in the event there was enough income after paying certain other charges, the petition sets out the executor's statement of receipts and disbursements, but also expressly requires them to produce their books on the trial, the assumption that plaintiff has admitted that the disbursements were legally and rightfully made under the will is not tenable.

ERROR from Harris. Tried below before Hon. JOHN G. TOD.

*E. P. Turner,* for plaintiff in error.

*C. Ross* and *J. M. Coleman,* for defendants in error.

PLEASANTS, ASSOCIATE JUSTICE.—This suit was brought to compel payment to plaintiff, by the executors and devisee and legatee of the last will and testament of the late W. R. Baker, of the city of Houston,

of a certain sum of money, alleged to be unpaid annuities due plaintiff under said will. Upon trial of the cause by the judge of the District Court without a jury, judgment was rendered on the 12th day of August, 1897, for the plaintiff, the defendant here, against the appellant, W. B. Turner, residuary devisee and legatee of said will, for the sum of $7447, with interest thereon at the rate of 6 per cent per annum from said date, with a decree making said sum a first lien on the entire estate of said Baker. Pending the suit the executors turned over all of the property of the estate to W. B. Turner, in whom, under the provisions of the will, it had vested, and they were dismissed from the suit, and the said Turner excepted to the judgment and brings the case to this court by writ of error. There is in the record neither statement of facts nor conclusions of fact.

There are seven assignments of error, but the first, second, and eighth only will be noticed. With neither statement of facts nor conclusions of fact found by the judge before us, it is not possible for us to determine whether or not any of the other four assignments are well taken. The first assignment is a general demurrer, and we do not discover error in overruling it. The petition avers the making of an independent will by the deceased, W. R. Baker; that the defendants, Ewing, Hill, and Brashear, are the acting executors of said will; that they duly qualified, and that by the provisions of the will the estate is vested in them in trust, and that the other defendants sued and the plaintiff are the only beneficiaries of the will; that among other provisions of the will is this: "And in case the income of my estate shall be sufficient in addition to the charges above provided for, there shall be paid annually to Julia W. Clark, one of my sisters, the sum of $900, as she has no income."

The petition then further avers, that the only charge against the income of the estate of the testator created by his will was that for the maintenance and education of the testator's grandson, the appellant, during his minority, and the amount to be applied to this purpose was left to the discretion of the executors; that in the exercise of this discretion of the executors had not expended over $2000 annually in the maintenance and education of said minor; that plaintiff had never been paid any sum under the said provision of the will, providing an annuity for her; that said executors have been requested to pay plaintiff the sums due her under and by virtue of said provision of the will, and they have excused themselves for not so doing, on the ground that they do not know whether or not under the terms of the will they would be authorized to make said payments; that there are now due her seven annuities under said will; that she does not know the exact condition of said estate; that said executors have furnished her a statement of the receipts and disbursements of said estate, and which is marked exhibit B and attached to the petition, and made a part thereof; that plaintiff has no reason to question the correctness of said statement, but defendants are notified to produce their books, showing the condition of said

estate, upon trial of the cause, to the end that the court may know the exact condition of said estate, also each and every item of expense, liabilities, and legacies paid and incurred by them, and also the income from said estate received by them; and the petition then charges that the income from said estate has been more than sufficient to pay plaintiff the annuities provided for by said will. These allegations state a cause of action against the executors, unless there be other averments in the petition, or in the will, or the exhibit B, both of which are made parts of the petition, which make the allegations cited from the petition nugatory, which upon inspection of the entire petition, including the two exhibits, is found not to be the case; and a cause of action being stated, however imperfectly or inartistically, the petition can not be held bad on general demurrer. There is nothing in the record showing that the special exception interposing the statute of limitations was ruled on by the court, and the presumption is that it was waived; and the second assignment of error, which assails the action of the court in overruling this exception to the petition, can not be sustained.

The eighth assignment is: "The court erred in rendering judgment against the defendant, W. B. Turner, because the petition itself, as shown by exhibit B, and the letter of the defendants, executors and trustees of the estate of W. R. Baker, deceased, which are made part thereof, dated January 19, 1897, shows on its face that at no time was the *net* income from the said estate sufficient, after paying off and discharging prior charges thereon, to pay said legacy, or any part thereof, to said plaintiff, out of which said net income or revenue of said estate the said legacy of $900 per year was, in the contemplation of the testator, W. R. Baker, to be paid to plaintiff, and upon the existence of which same was intended by him and was made solely to depend."

If the plaintiff, as the appellant seems to assume, is to be held as admitting that exhibit B is in all things correct, and that it shows not only the exact amount of the income of the estate, and the exact amounts disbursed by the executors each year, but also that each and all of these disbursements were legally and rightfully made under the will, and without prejudice or injury to the plaintiff, then the judgment is doubtless erroneous. But the assumption that the plaintiff makes such admission is without foundation. The petition expressly requires that the executors produce their books upon the trial of the cause, and thus the duty was devolved upon the court to adjudicate between the litigants and to determine what income had been received, and what disbursements made, and on what account, and whether properly or improperly made, and whether or not in derogation of plaintiff's rights under the will. The judgment rendered is a general one; from it we know not what were the judge's conclusions upon either the facts or the law. Every presumption must be indulged in support of the judgment, and we can do naught but affirm it; and it is so ordered.

*Affirmed.*

Writ of error refused.