O'CONNOR v. CITY OF LAREDO.
(No. 5309.)

(Court of Civil Appeals of Texas. San Antonio. June 10, 1914.)

1. STATUTES (§ 279*)—MUNICIPAL CHARTER—PUBLIC ACTS—PLEADINGS.

The charter powers of a city granted to it by public act need not be pleaded in an action by it, but the statutory powers are known to the court.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 378; Dec. Dig. § 279.*]

2. MUNICIPAL CORPORATIONS (§ 978*) — ACTIONS — RIGHT TO SUE — STATUTORY PROVISIONS.

Under Laredo City Charter (Sp. Acts 32d Leg. c. 10), providing for a city attorney to rep-

resent the city in all litigation to which the city may be a party, and authorizing the city to sue for taxes due, an action by the city for taxes due, brought by the city attorney on behalf of the city, is presumptively brought pursuant to due authority, and want of authority is available as a defense under a sworn plea.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 2104–2119; Dec. Dig. § 978.*]

3. MUNICIPAL CORPORATIONS (§ 978*) — ACTIONS FOR DELINQUENT TAXES—PETITION—SUFFICIENCY.

A petition in an action by a city for back taxes and for the foreclosure of a tax lien, which describes the personal property assessed for the taxes as "personal property in the nature of merchandise," sufficiently describes the property, in the absence of any denial that the taxpayer owed the aggregate amount of taxes.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 2104–2119; Dec. Dig. § 978.*]

4. MUNICIPAL CORPORATIONS (§ 978*)—TAXATION—COLLECTION—STATUTORY PROVISIONS.

Laredo City Charter (Sp. Acts 32d Leg. c. 10), providing that taxes become due October 1st of the fiscal year and shall be paid on or before May 1st following, and, if not so paid, the same become delinquent, and making taxes a lien on the property of the delinquent taxpayer, and giving the city the right to sue for the taxes and to foreclose the lien, and repealing conflicting laws, creates a statutory remedy for the collection of delinquent taxes, and Rev. St. 1911, arts. 7692, 7693, providing for the collection of delinquent taxes, are inapplicable.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 2104–2119; Dec. Dig. § 978.*]

Appeal from District Court, Webb County; J. F. Mullally, Judge.

Action by the City of Laredo against Thomas O'Connor. From a judgment for plaintiff, defendant appeals. Affirmed.

H. G. Dickinson, of Laredo, for appellant. A. Winslow, of Laredo, for appellee.

CARL, J. The city of Laredo, appellee, brought this suit against Thos. O'Connor, appellant, for the recovery of taxes, interest, and penalties for the years 1909, 1910, 1911, and 1912, and for the foreclosure of a tax lien on the property of appellant situated in the city of Laredo.

Appellant answered by general demurrer and special exceptions substantially as follows: (1) That it does not appear from any averment in the petition that the city council has authorized this suit or directed the city attorney to enter and prosecute the same. (2) That there is no sufficient description of defendant's personal property that was assessed as alleged in the petition. (3) And because it appears from the petition that, on the dates when the taxes sued for were due, the defendant owned personal property in the city of Laredo subject to seizure, levy, and sale for the purpose of collecting said taxes as provided by law, and "nowhere in said petition is it alleged that said remedy provided by law was pursued by plaintiff or its officers, which remedy defend-

ant alleges was and is a prerequisite to any legal suit against him for the recovery of any part of said alleged taxes." (4) That it appears from said petition that there never had been any legal assessment of defendant's property for said years because both real and personal property were assessed in bulk as one piece of property.

Appellant, upon the overruling of his exceptions, did not further defend, and, upon a trial before the court, judgment was rendered in favor of the city of Laredo for the taxes, interest, and penalties in the sum of $825.89, foreclosing the lien on one-half of lot No. 8, block 2, and lots 3, 4, and 5, in block 681, all in the city of Laredo. The court overruled a motion for new trial, and the appellant has perfected this appeal.

The present charter of the city of Laredo was granted by the Thirty-Second Legislature (Special Laws 1911, c. 10, p. 58), and section 116 of said act makes this charter a public act. The power to sue and be sued is specially granted. Section 115 gives the city the right to bring suits in any court of competent jurisdiction for the recovery of any taxes due. Section 3 of that act or of the charter provides, among other officers of the municipality, for a city attorney. Section 35 makes it the duty of the city attorney to represent the city in all litigation and cases to which the city may be a party, as well as to advise the city officers when requested.

[1] The charter powers of a city, where it is granted by public act, need not be pleaded. Wright v. City of San Antonio, 50 S. W. 406, affirmed in 93 Tex. 723, no opinion. The corporate powers of a city chartered by public act are known to the courts and need not be pleaded. Dwyer v. City of Brenham, 65 Tex. 526. And it has been held that, where an incorporated city sues as such, a plea denying its incorporation must be sworn to. Heller v. Alvarado, 1 Tex. Civ. App. 409-411, 20 S. W. 1003; article 1906, subd. 7, Rev. St. 1911.

[2] So, by the public act of the Legislature granting the charter to the city of Laredo, the power to sue and be sued is given the city as a municipal corporation; a city attorney is therein provided; and it is made his official duty to represent the city. When that official brings a suit on behalf of the city, the courts will presume that he is discharging his duty and that the suit was duly authorized unless the want of authority to bring the action is properly presented and the issue made upon sworn plea. That is a matter of defense, and appellant must, if he desires to raise the question of proper authority, tender the issue on his own pleadings. If he sought to defend upon the ground that the city was not a municipal corporation, he would have to file a sworn plea to that effect, and, when he seeks to bring in question the authority of one of the sworn officers of that municipality, he has no less a burden. The first assignment is overruled.

[3] The second assignment complains of the court's action in overruling appellant's second special exception to the petition because same is described as "personal property in the nature of merchandise." This suit is for back taxes, and, merchandise being daily exposed to sale and constantly changing and varying, we do not see how it would be better referred to. The city is not required to set out an inventory in a suit for taxes, and in the very nature of things could not do so, where the goods constituting the stock at the time of the rendition have been sold, or the stock changed. No denial is made that he owed the aggregate amount of taxes, and, if he owed it all, then the relative amount due upon personal and real property would not be of sufficient importance to require a reversal. No injury is shown to have been done appellant. We overrule the assignment.

[4] Under section 112 of the charter the taxes become due October 1st of the fiscal year and shall be paid on or before May 1st next following, and, if not so paid, the same become delinquent; and section 113 provides a penalty not to exceed 10 per centum. Section 114 makes such taxes a lien on all property of the delinquent taxpayer, while section 115 gives the city the right to sue for such taxes and to foreclose the lien. The third exception complains that the petition shows that:

"On the several dates when the alleged taxes were due and payable, defendant owned personal property situated in the city of Laredo, Tex., subject to seizure, levy, and sale for the purpose of collecting said alleged taxes as provided by the laws of this state, particularly as provided by articles 7692 and 7693 of the Revised Statutes of the state; and nowhere in said petition is it alleged that said remedy provided by law and by said articles of the Revised Statutes was pursued by plaintiff or its officers, which remedy the defendant alleges was and is a prerequisite to any legal suit against him for the recovery of said taxes or any part of them and to any judgment foreclosing any tax lien on his real estate."

The petition shows the fiscal years during which the taxes accrued, and that those taxes were not paid between October 1st and the succeeding 1st of May of that fiscal year. That fact itself shows a delinquency, and we have seen that the city had a lien on the property. Article 7699 of the Revised Statutes would not apply here, because the charter of the city of Laredo is itself a statutory enactment and fixes when and how property becomes delinquent and the proceedings to be had thereon. Section 112 of the charter expressly states that after May 1st the taxes shall bear interest, and the "city council shall not have the power to extend the time for the payment of taxes." Section 117 repeals all laws or parts of laws in conflict with this charter. There is no doubt about the taxes being due, nor that they were delinquent, as defined by the charter and as shown in the petition, nor of the right of the city to sue for same and foreclose the lien given by law to secure the same. The authority of the

city attorney to bring the suit will be presumed in the absence of sworn pleading denying such authority, especially in view of the provisions of the charter which define a delinquency and set forth the duties of the city attorney.

We have examined all the assignments of error, and what we have said disposes of them adversely to appellant.

The judgment is affirmed.