**FIDELITY INV. CO. v. BROWN et al.
(No. 8666.)**

(Court of Civil Appeals of Texas. Galveston.
May 7, 1925. Rehearing Denied
May 28, 1925.)

Municipal corporations ⊚⇒981—Statutes ⊚⇒76
(6)—Property sold under judgment foreclosing tax lien under special city charter cannot be redeemed.

The right to redeem from tax sales applies only to summary sales, and property sold under judgment in suit to foreclose tax lien by city of Houston under provisions of its special charter, art. 3, § 8, cannot be redeemed, notwithstanding Const. art. 8, § 13, Rev. St. 1911, art. 963 not being applicable, in view of Sp. Acts 29th Leg. (1905) c. 17, art. 9, § 18, and the act not being violative of Const. art. 3, § 56, inhibiting special or local laws in view of Const. art. 11, § 5.

Appeal from District Court, Harris County; W. E. Monteith, Judge.

Action of trespass to try title by the Fidelity Investment Company against James Brown and others. Judgment for defendants, and plaintiff appeals. Reversed and rendered.

Ward & Ward, of Houston, for appellant.

James P. Rogers, of Houston, and W. C. Carpenter, of Bay City, for appellees.

PLEASANTS, C. J. This action is an action of trespass to try title brought by appellant against appellee James Brown and his two children, who are heirs of his deceased wife, to recover the title and possession of 1.04 acres of land, in the city of Houston, fully described in plaintiff's petition.

It was agreed on the trial that plaintiff was entitled to recover the title and possession of the land unless defendants were entitled to redeem it from a sale under a judgment foreclosing a tax lien in favor of the city of Houston, at which sale plaintiff became the purchaser. No question is raised as to the regularity of the proceedings in which the judgment foreclosing the tax lien was rendered.

The city of Houston is incorporated under a special charter passed by the 29th Legislature, Acts 1905, p. 131. Section 8, art. 3 of this charter contains the following provisions:

"All taxes due by property owners on any and all property for the year 1875, up to and including the year 1904, and for all years intervening, and for all years thereafter, until otherwise provided by charter, as appears upon the tax rolls of said city, may be collected by suit from delinquents, and foreclosure of the lien thereon may be had in any court having jurisdiction of the same. * * *

"In suits for taxes, the proper persons shall be made parties defendant in such suit, shall be served with process and other proceedings had therein, as provided by law for suits of like character in the district courts of this state; and in case of foreclosure, an order of sale shall issue and the land be sold, thereunder, as in other cases .of foreclosure, which order of sale shall have all the force and effect of a writ of possession between the parties to the suit and any person claiming under the defendant by any right acquired after the filing of the suit; and the sheriff or other officer executing such order of sale shall proceed by virtue of the same to place the purchaser of the property sold under such order of sale in possession thereof within 20 days, as provided by the general laws of Texas, after date of sale, but not before, and such order of sale may direct that the sheriff or other officer executing such order of sale shall sell the property, either each piece separately, as under execution, or in gross, as the city, through its attorney, may direct; or if the defendant or his attorney shall at any time before the sale file with the sheriff or any other officer ,in whose hands any such order of sale shall be placed, a written request that the property described therein shall be divided and sold in less tract than the whole, together with the description of said subdivisions, then such officer shall sell the land in said subdivisions, as the defendant may request, and in such case shall only sell as many subdivisions as will satisfy the judgment, the court costs, and all other costs hereinafter specified.

"In all cases in which lands have been sold for default in the payment of taxes, it shall be lawful for the sheriff or other officer selling the same. or any of his successors in office, to make a deed or deeds to the purchaser, or to any person to whom the purchaser may direct the deed to be made, and such deed shall be held in all courts of law or equity in the state to vest a good and perfect title in the purchaser thereof. * * *"

This article of the city charter further provides for the summary seizure and sale of land for delinquent taxes due the city, and in such summary sales preserves to the owner of the property sold the right to redeem it within two years by payment of double the amount of the taxes, penalties, and costs charged against the property. The article also recited that the provision for suit and foreclosure of tax liens and sale under such foreclosure judgment. "is auxiliary to and cumulative of the city's right to sell property delinquent for taxes without suit."

These provisions of the special act of the Legislature granting this charter to the city of Houston are plain and unambiguous, and leave no room for construction. The right to redeem land from tax sale is given only in summary sales, and is, in effect, expressly denied in sales under foreclosure judgment rendered in tax suits, by the provisions that the order of sale issued upon such judgment shall have all the force and effect of a writ of possession, "and the sheriff or other officer executing such order of sale shall proceed by virtue of the same to place the purchaser of the property sold under such order

---

⊚⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

of sale in possession thereof within 20 days," and that the deed executed to the purchaser by the officer making the sale "shall be held in all courts of law or equity in the state to vest a good and perfect title to the purchaser."

Appellees do not claim that the provisions of the city charter under which the foreclosure suit was brought gives them the right to redeem the land, but contend that the judgment of the court below, which gave them the right to redeem the land by paying appellant double the amount of the taxes, penalties, and costs charged against it, should be affirmed, because the provisions of the city charter denying them this right is in contravention of section 13, art. 8, and section 56 of article 3, of the Constitution of this state, and such right is expressly given them by article 963 of our Revised Statutes.

We do not think the judgment can be sustained upon either of these grounds. Section 13, art. 8, of our Constitution, giving the right to owners of land sold for taxes to redeem same at any time within two years from the date of the sale, by its terms manifestly applies only to the "speedy" or summary sale for taxes for which the Legislature was authorized by this section of the Constitution to provide, and can have no application to sales under judgments rendered in suits to foreclose tax liens. This has been expressly decided by our Supreme Court in the case of City of San Antonio v. Berry, 92 Tex. 319, 48 S. W. 496. Collins v. Ferguson, 22 Tex. Civ. App. 552, 56 S. W. 225.

It is also settled by the decisions of our Supreme Court that the provisions of section 56, art. 3, of our state Constitution, inhibiting the Legislature from passing any special or local law, "when a general law can be made applicable," does not limit the power conferred upon the Legislature by section 5, art. 11 of the Constitution to grant or amend the charter of a city of more than 10,000 inhabitants by special act. City of Dallas v. Western Electric Co., 83 Tex. 243, 18 S. W. 552.

The soundness of the reasoning upon which this decision is based has, so far as we are aware, never been questioned, and it must be accepted as conclusive against appellant's contention that the provisions of the charter of the city of Houston, denying the right of redemption in sales for taxes made under a judgment foreclosing a tax lien, is obnoxious to the provision of section 56, art. 3 of the Constitution above quoted.

Article 963, Revised Statutes 1911, provides that:

"All lands sold under and by virtue of decree and judgment of court, for taxes due any incorporated city or town within this state, may be redeemed by the owner or owners thereof within two years from the date of deed, upon the payment to the purchaser, or his assigns, of double the amount so paid, including costs of court; provided, that purchaser at such foreclosure sale, and his assigns, shall not be entitled to the possession of the property sold for taxes until the expiration of two years from the date of deed."

It may be, as contended by appellees, that this statute which was originally enacted by the Legislature on March 30, 1899, was passed to meet the decision in the Berry Case above cited, and was intended to apply as well to cities incorporated by special charter as those incorporated under the general law, but in the special charter subsequently granted the city of Houston, this right of redemption, as we have before seen, was denied, and by section 18, art. 9 of the act granting such charter all laws or parts of laws in conflict with the provisions of the act are expressly repealed. It seems clear to us that whatever may be the scope of article 963, it can have no application to tax sales made under judgments in suits brought under the provisions of the charter of the city of Houston. O'Connor v. City of Laredo (Tex. Civ. App.) 167 S. W. 1091.

It follows from the conclusions above expressed that the judgment of the trial court should be reversed, and judgment here rendered in favor of appellant, and it has been so ordered.

Reversed and rendered.