## FIRST BAPTIST CHURCH v. CITY OF FORT WORTH. (No. 3188.)

Court of Civil Appeals of Texas. Amarillo.
April 10, 1929.

Rehearing Denied May 8, 1929.

S. C. Padelford and B. F. Bouldin, both of Fort Worth, and Trulove & Frazee, of Amarillo, for appellant.

R. E. Rouer, R. M. Rowland, Frank Coates, Robert B. Young, Jr., and J. M. Floyd, all of Fort Worth, for appellee.

RANDOLPH, J. The appellee in this cause has filed in this court a motion to correct the statement of facts filed in this cause, in order that the court may have before it the correct data and information concerning the certified copies of the delinquent tax rolls of the city of Fort Worth, which were introduced in the trial of said cause by the city of Fort Worth and the Fort Worth independent school district.

■ A statement of facts filed in this court in time cannot be amended by agreement of counsel or even by a supplemental statement, though authenticated by the court, if filed after the time for filing the original statement. Atascosa County v. Alderman (Tex. Civ. App.) 91 S. W. 846; Rodriguez v. Priest (Tex. Civ. App.) 126 S. W. 1187; Dorsey v. Olive Sternenberg & Co., 42 Tex. Civ. App. 568, 94 S. W. 413; Walker & Sons v. Allen, 42 Tex. Civ. App. 630, 95 S. W. 585; Texas, etc., Co. v. Brown (Tex. Civ. App.) 179 S. W. 1125; Witherspoon v. Crawford (Tex. Civ. App.) 153 S. W. 633; State v. Alcorn, 78 Tex. 387, 14 S. W. 663; Mason v. Rodgers, 83 Tex. 389, 18 S. W. 811; Dietz v. State, 43 Tex. 371; Vaughan v. Bailey, 11 Tex. Civ. App. 34, 31 S. W. 531; Trinity & S. Railway Co. v. Lane, 79 Tex. 643, 15 S. W. 477, 16 S. W. 18; Carlton v. Krueger, 54 Tex. Civ. App. 48, 115 S. W. 619, 1178.

We therefore overrule the motion for permission to amend the statement of facts.

This suit was brought by the city of Fort Worth and the Fort Worth independent school district to recover from appellant, who was defendant in the trial court, the amount of $827.75 owing to the city and $537.50 owing to the school district, aggregating $1,365.25. The case was tried before a jury, and, on a peremptory instruction from the court, they returned a verdict for the plaintiffs, and the court thereupon rendered judgment for the plaintiffs as prayed for. From that judgment the Baptist Church has appealed to this court.

■ The errors assigned upon the action of the court in refusing to sustain the general and special exceptions to the plaintiffs' amended petition will not be considered by us, for the reason that there is no order or decree of the court in the transcript showing such action of the court, and therefore the presumption of law is that such exceptions were waived. Turner v. Clark, 18 Tex. Civ. App. 606, 46 S. W. 381; St. Louis South-

132

western R. Co. of Texas v. Rollins (Tex. Civ. App.) 89 S. W. 1099; Cheek v. Nicholson (Tex. Civ. App.) 133 S. W. 707; Beadle v. McCrabb (Tex. Civ. App.) 199 S. W. 355 (writ denied); Cotton v. Cooper (Tex. Civ. App.) 160 S. W. 597. That there was no fundamental error in the matters complained of will appear from the opinion following:

The appellant attacks the charter of the city of Fort Worth, charging that the assessment of taxes for the year 1925 was made by virtue of a charter adopted at an election by the voters of Fort Worth on the 11th day of December, 1924, and that no proof having been made that said charter had been legally recorded in a well-bound book provided for the purpose of recording charters and amendments to charters by the city of Fort Worth, and, there being no proof that said charter had been recorded in such a book by the city of Fort Worth and there being no proof that said charter had been recorded in a well-bound book in the office of the secretary of state or under the direction of the secretary of state, no presumption whatsoever was raised that such a charter had been legally adopted, as affirmatively alleged in plaintiffs' petition, and there was no authority shown for the levy and assessment of taxes by any person against the property of defendant, and the trial court erred in taking judicial note and notice that a legal charter had been passed and adopted by the voters of Fort Worth.

In varied forms, these alleged errors are repeated in appellant's propositions 1, 2, and 3, in such manner as to enable us to discuss the questions presented in connection one with the others.

█The plaintiffs alleged in their petition that the city of Fort Worth is a municipal corporation, organized and existing under and by virtue of a special charter adopted by the qualified voters within the said city on the 11th day of December, A. D. 1924, in accordance with the laws and Constitution of the state of Texas, and that the Fort Worth independent school district is a corporation of Tarrant county, Tex., duly organized and existing under and by virtue of a special act of the Legislature of the state of Texas. The legal organization of the corporation known as the city of Fort Worth was attacked by the defendant, the First Baptist Church, in a special plea of nul tiel corporation. It is not necessary for appellant's grounds of attack on the charter and the organization of the corporation to be considered, for the reason that such plea was not verified, as required by law, even if the charter and organization were subject to such attack. Article 2010, R. C. S., requires that a plea denying that a corporation has been duly incorporated should be verified. Heller v. City of Alvarado, 1 Tex. Civ. App. 409, 20 S. W. 1003, 1004; Steely v. Texas Imp. Co., 55 Tex.

Civ. App. 463, 119 S. W. 323; Sovereign Camp, Woodmen of the World, v. Ruedrich (Tex. Civ. App.) 158 S. W. 170; P. J. Willis & Bro. v. Smith, 17 Tex. Civ. App. 543, 43 S. W. 325.

█This attack upon the organization is a collateral attack and it has been held that the organization of a corporation cannot be so attacked; a direct proceeding must be instituted for that purpose. Cook v. Town of Putnam (Tex. Civ. App.) 283 S. W. 649, 650.

█There is another ground upon which the appellant's contentions that the corporate organization is void for the want of compliance with the law should be overruled. Article 1174a of the R. C. S. 1925 (Vernon's) provides as follows:

"Validating Charter or Charter Amendments.—That each charter, and amendment to a charter adopted by any city of more than five thousand inhabitants in this State, or where such city has amended or attempted to amend or adopt such charter, since the enactment of Chapter 147, Acts of the Regular Session of the Thirty-Third Legislature of the State of Texas, 1913, and all proceedings had with reference thereto, are hereby validated, and are hereby declared to be in full force and effect, the same as if adopted in strict compliance with all the requirements of said Chapter 147, Acts of the Thirty-Third Legislature, and this Act shall take effect and be in force from and after its passage."

█The appellant complains that the trial court erred in holding that judicial cognizance could be taken of the terms and conditions of the plaintiff city of Fort Worth's charter. It appears from the record that the plaintiffs, as stated, pleaded the legal incorporation of the city by a vote of the people within the limits of the city and affirmatively relied on this pleading without introducing any evidence thereof; neither did it introduce the charter to establish its terms and provisions. The defendant, apparently in support of its nul tiel corporation plea, introduced evidence to establish the noncompliance on the part of the city with the statutes regulating the incorporation of cities under the "Home Rule" Amendment.

From the testimony so introduced, it appears that I. L. Van Zandt, Jr., is city secretary and treasurer, and has been since July 1, 1925, who testified, in answer to the questions as to whether or not he had ever seen a copy of the recorded charter that the book he brought with him is the one that he has charge of as a true copy. It is the only one that he found that purports to be a copy of the charter at length; this book was there when he went down there (evidently referring to his office as city secretary and treasurer). He does not know "how the book came there, but it was there when I got there." It appears that the leaves of a pamphlet copy of the charter had been pasted on the leaves of

this book so that in regular order they furnished a copy of the charter. The book in which these pages were pasted contained an index for use and had some pages which had been written on, over which the pamphlet leaves were pasted. This book is marked: "New Charter." There has never been a certified copy of the charter printed that the witness knows of, but as far as he knows this is the only charter that purports to be a charter of the city of Fort Worth.

The trial court made the following finding in his qualification of defendant's bill of exception No. 5, to wit: "The foregoing bill of exception is approved with the qualification that in recording the new charter of the city of Fort Worth in the book above mentioned, same was done by taking two printed copies of said charter and pasting leaves from same on the leaves of said book in such a manner that all the pages of said charter appeared in consecutive order in said book so that any citizen desiring so to do could read the entire charter in said book. The book as so made up contained a complete and accurate record of the entire charter adopted by the voters of Fort Worth, and said book contained nothing else, the small amount of writing that appeared on some of the pages of said blank book before it was used for the purpose aforesaid having been obliterated and covered up in the process of recording the charter in the manner above stated."

The defendant, as stated, introduced the above evidence as to the charter. The book came from the proper custody. There is nothing to show that it was not recorded in a "well-bound book"; there is no proof that it was not the charter of the city of Fort Worth, and the court did not err in holding, under the facts and circumstances, that it was a copy of the charter of said city. No term or provision of the charter was attacked, the objection being that after the introduction of the evidence, the charter was not shown to have been properly recorded in a well-bound book, and that the failure to have same properly recorded rendered the charter and all proceedings thereunder void. To sustain this contention, the appellant relies on the case of Pate v. Whitley (Tex. Civ. App.) 196 S. W. 581. In that case, the Fort Worth court says:

"Said section 3 then further provides that: 'When said charter * * * shall be recorded as hereinabove provided for, it shall be deemed a public act and all courts shall take judicial notice of same and no proofs shall be required of same.'

"As we construe this section, it means that the courts shall take judicial notice of the charter when it has been recorded as stated, and that no proof is necessary of the terms and provisions of the charter. We do not construe the statute as imposing judicial notice of the fact that the charter has been certified to the secretary of state and that it has been by that officer filed and recorded and also recorded by the city secretary or other officer of the city exercising the powers of the city secretary. The Legislature surely did not intend that courts shall be charged with notice of facts of which they could not have knowledge without some evidence. We think it is a prerequisite to the taking of the judicial notice imposed by the act that the charter shall have been certified to the secretary of state and shall have been recorded by that officer and shall also have been recorded by the city secretary or other officer exercising like or similar powers, and that there must be some evidence of the fact that the charter has been so certified and recorded."

■ The Fort Worth court found itself in the dilemma of being charged with the duty of taking judicial notice of the provisions of a charter when there was no method of judicial ascertainment furnished it. In this cause, the charter, as recorded, was before the trial court. He passed on its provisions. The charter itself has not been copied into the statement of facts; hence we are bound to presume that its provisions furnished the proper basis for the steps taken as shown by the assignment—that is, the levy and collection of the taxes. The charter having been produced, the lack of actual proof upon which to indulge judicial notice of same was before the trial court.

■ The objection of appellant that W. T. Macy, having been appointed and having qualified as assessor and collector of the city of Fort Worth, could not, as such assessor and collector of said city, act as the assessor and collector of the Fort Worth independent school district to assess and collect the taxes for said school district, for the reason that section 40, art. 16 of the Constitution of the state of Texas provides that "no person shall hold or exercise, at the same time, more than one civil office of emolument, except that of justice of the peace, county commissioner, notary public and postmaster, unless otherwise specially provided herein," etc., and that the record discloses that said Macy was holding both the office of city assessor and collector of the city of Fort Worth and that of assessor and collector for said school district, that both were offices of emolument, and therefore came under the inhibition of said constitutional provision.

The evidence shows:

That Macy was assessor and collector of the city of Fort Worth. That the Fort Worth independent school district entered into a contract with the city of Fort Worth and the city assessor and collector of said city, whereby it was agreed that said city assessor and collector should be the assessor and collector of taxes of said school district, and "shall, as such, perform all the duties imposed, and possess all the power and authority

134

given by the Act of the 39th Legislature, approved March 17, 1925, with respect to assessing and collecting of school taxes for and in behalf of said Fort Worth Independent School District." That as "full compensation for the services herein required of said assessor and collector for the benefit of said school district (including any services which may have been already performed) the Fort Worth independent school district, by and through its board of education, shall pay such proportionate part of the total expenses incurred by the city of Fort Worth for the assessment and collection of all taxes as the amount of revenues so assessed and collected for school purposes, within said Fort Worth independent school district, shall bear to the amount of revenues assessed and collected for all purposes, and in order to ascertain the expenses of such assessment and collection, the city of Fort Worth, through its proper officers, shall furnish to said board of education, at the end of the present fiscal year of the city, which terminates on September 30, 1925, and again at the end of the next fiscal year, terminating September 30, 1926, a correct statement showing the salaries paid and other expenses officially incurred and sustained for the maintenance and operation of the office of the assessor and collector of said city. In the meantime however, as a tentative working basis for current monthly settlements of said expenses between the city and the board of education, such expenses of maintaining and operating said tax office is hereby estimated at 1 per cent. each month on the total tax collections received during such month, and at the end of each calendar month, beginning with the month of June, 1925, the city of Fort Worth shall notify the board of education of what the amount of the latter's proportionate share of said 1 per cent. for said month may be, whereupon said board of education shall promptly pay said amount to the city of Fort Worth. At the end of each fiscal year, while this contract is in force, a complete and final settlement shall be made between the city of Fort Worth and the board of education, at which time any overpayment or underpayment, in the monthly settlements hereinabove provided for shall be accurately and finally adjusted between the said parties, and any balance due from one to the other shall be promptly paid."

"It is further agreed that said city assessor and collector, shall, in his capacity of assessor and collector for said school district, furnish forthwith a bond in the sum of $25,000, with good and sufficient surety or sureties to be approved by the said board of education, said bond to be payable to the president of the board of education of the Fort Worth independent school district and his successors in office, and to be conditioned that said assessor and collector will faithfully collect the taxes due for school purposes within said district and will pay same over to the depository of said district weekly as collected, and will faithfully perform all other duties imposed upon him by law as the assessor and collector of taxes for said district. Said bond shall cover a period extending from its date to and including the 30th day of September, 1926. In the event a surety company bond is made by said assessor and collector and accepted by said board of education, all premiums on said bond shall be paid by the Fort Worth independent school district and not by the assessor and collector.

"(4) It is further agreed that this contract shall be and remain in force until the expiration of the 30th day of September, 1926.

"(5) It is also agreed that a taxpayer who offers to pay his city taxes shall be required to pay at the same time his taxes due the Fort Worth independent school district, and a single tax receipt shall be issued to him covering both city taxes and independent school district taxes."

The assessor and collector of said city thereupon gave the following bond, as required in the above contract:

"State of Texas, County of Tarrant.

"Know all men by these presents: That we, W. T. Macy, assessor and collector of taxes for the City of Fort Worth and ex-officio assessor and collector of taxes for the Fort Worth Independent School District, as principal, and the other signers hereof, as sureties, are held and firmly bound, jointly and severally to W. M. Short, President of the Board of Education of Fort Worth Independent School District, and his successors in office in the sum of Twenty-Five Thousand ($25,000.00) Dollars, (being an amount proportionate to the amount of bond required from said Macy by the City of Fort Worth as assessor and collector of taxes for said city), for the payment of which sum well and truly to be made we do hereby jointly and severally bind ourselves, our heirs, executors and administrators firmly by these presents.

"The condition of this obligation is such that, if the said W. T. Macy, as assessor and collector of taxes for said independent school district shall faithfully assess and collect the taxes for school purposes within said district and pay same over weekly as collector to the depository of said district selected by its Board of Education, then this obligation is to become null and void, otherwise, to remain in full force and effect.

"The term for which this bond is to run shall be coextensive with the time during which said Macy shall act as assessor and collector for Fort Worth Independent School District.

"Witness our signatures at Fort Worth, Texas, this 24th day of June, 1925. [Signed] W. T. Macy, Southern Surety Co. [Seal.] By H. A. Lawrence, Attorney in Fact."

Macy took no oath of office as assessor and collector for the Fort Worth independent school district, but during the time he acted in the matter of the assessment and collection of school taxes he received a salary of $400 monthly, which was paid to him by the city of Fort Worth. The record fails to show what his salary was before taking on the duties of assessing and collecting taxes for the school district, and it is not shown that his salary was increased in any sum for the performance of such additional duties.

Articles 2792, 2802, and 2803 of the Revised Civil Statutes of Texas are as follows:

"Art. 2792. When a majority of the board of trustees of an independent district prefer to have the taxes of their district assessed and collected by the county assessor and collector, or collected only by the county tax collector, same shall be assessed and collected by said county officers and turned over to the treasurer of the independent school district for which such taxes have been collected. The property of such districts having their taxes assessed and collected by the county assessor and collector, shall not be assessed at a greater value than that assessed for county and state purposes. If said taxes are assessed by a special assessor of the independent district and are collected only by the county tax collector, the property of said district may be assessed at a greater value than that assessed for State and county purposes and the county tax collector in such cases shall accept the rolls prepared by the special assessor and approved by the board of trustees as provided in the preceding article. When the county assessor and county collector are required to assess and collect the taxes of independent school districts they shall respectively receive one per cent. for assessing and collecting same."

"Art. 2802. In an independent school district constituted of a city or town having a city assessor and collector of taxes, such assessor and collector of taxes shall assess and collect the taxes for school purposes; provided, that in a city or town having an assessor and collector of taxes, the levy of taxes for school purposes shall be based upon the same assessment of property upon which the levy for other city purposes is based. In such a city or town, the assessor and collector of taxes shall receive no other compensation for collecting school taxes than the compensation paid him for assessing and collecting city taxes; and taxes for school purposes in such a city or town shall be assessed and collected as other city taxes are assessed and collected."

"Art. 2803. Any city or town that has taken charge of the public free schools within its limits, or that shall hereafter take charge of the same, may, by ordinance, extend its corporation lines for school purposes only, on a petition signed by a majority of the resident qualified voters of the territory, which is to be taken into said city or town for school purposes only, and recommended by a majority vote of the trustees of the public free schools of said city or town; provided, that the proposed change shall not deprive the scholastic children of the remaining part of the common school district or districts which may be affected by the proposed change, of the opportunity of attendance upon school. The added territory shall bear its pro rata part according to taxable values of any school debt or debts that may be owed or contracted by said city or town to which it shall have been added, and shall not bear any part of any other debt that may be owed or contracted by such town or city. The property of the added territory shall bear its pro rata part of all school taxes, but of no other taxes. The added territory shall not affect the city's debts or business relations in any manner whatever, except for school purposes as provided above. The officers whose duty it is to assess and collect school taxes within the city limits shall also assess and collect school taxes within the territory added for school purposes as herein provided."

It will be observed that article 2792 expressly provides for the assessment and collection of taxes of an independent district by the county assessor and collector and that his compensation should be 1 per cent. for the duties devolving on him under the article. In the case at bar, it is true that the expenses of the collection of taxes in the proportion due by the independent school district were paid to the city of Fort Worth, but there is no evidence that any part of this sum was paid to Macy in excess of the $400 paid him by the city of Fort Worth as city assessor and collector.

Article 2802 provides that in an independent school district, constituted of a city or town having a city assessor and collector, such assessor and collector shall assess and collect the taxes for school purposes at the option of the school district and providing also that he shall receive no compensation therefor. Article 2803 provides for the collection of taxes in the territory which may be included in the school district and which is without the limits of the city.

Considering these articles, it is clear that no new office was created and that Macy was not holding two offices. Additional duties were laid on him, but he took no oath of office, and the record is silent as to whether or not his compensation was increased for such additional work. It is true that he gave a bond to the Fort Worth independent school district binding himself to faithfully assess and collect its taxes and pay same over weekly to the said school board. But the language of the bond shows that he gave it as city assessor and collector of the city of Fort Worth and "ex officio assessor and collector of taxes

136

for the Fort Worth independent school district."

The fact that the school district covered territory outside of the city of Fort Worth is provided for in article 2803, and also that such taxes may be assessed and collected by the city assessor and collector.

The constitutionality of art. 2792 (formerly 2862) has been determined by the Supreme Court. Avery v. Cooper, 107 Tex. 483, 180 S. W. 734; Miller v. Vance, 107 Tex. 485, 180 S. W. 739; Nichols v. Galveston County, 111 Tex. 50, 228 S. W. 547; Blewett v. Richardson Independent School District (Tex. Com. App.) 240 S. W. 529.

It is held in the City of Eagle Lake v. Lakeside Sugar Refining Co. (Tex. Civ. App.) 144 S. W. 709 (writ denied) construing section 149 of the Laws of 1905, p. 302, which provides for the assessment and collection of independent school district taxes by the city assessor and collector, that it authorizes a suit by the city to enforce the collection of said taxes by suit.

The Galveston Court of Civil Appeals held in Moerschell v. City of Eagle Lake, 236 S. W. 996 (writ denied) that neither Const. art. 11, § 10, nor article 7, § 3, prohibit an incorporated city or town from the assessment and collection of the taxes of its school beyond its municipal corporate limits.

In the case of the City of Houston v. Little, 244 S. W. 247 (writ denied) the Galveston Court of Civil Appeals held that a city ordinance providing for the enlargement of a school district by annexing territory outside of said limits is not unconstitutional, and also that the imposing of new duties upon the city officers without compensation is not invalid.

There is only one other question which we think of sufficient importance to discuss at any length, and that is the contention of appellant that as the property sought to be taxed was used exclusively for religious purposes, it was not subject to taxation. The buildings sought to be taxed were not used exclusively for religious purposes. The ground floor of one building and part of the ground floor of the other were rented for commercial purposes. The rentals of the building, it is claimed, were used to pay off the interest and debts upon the whole of the church property. We cannot sustain this contention, and we will cite only one of the many authorities holding to the contrary: Judge Gaines in the case of Morris v. Lone Star Chapter of Masons, 68 Tex. 698, 5 S. W. 519, holds that a Masonic building which was "not used exclusively" for charitable purposes, but of which a part thereof was rented out, was subject to taxation and further, that even though the proceeds be devoted exclusively to charity, this does not give it immunity, from taxation.

The act of the Legislature incorporating the Fort Worth school district provides, and authority is given, to levy in any one year taxes not exceeding 88 cents on the $100 valuation. The taxes herein levied, as shown by the record, was $1 on the $100 valuation. The burden was on the school district to show that it was authorized, in some form, to levy and collect more than 88 cents and not more than $1 upon the $100 valuation. This it failed to do.

We therefore reverse the judgment and remand this cause to the trial court, with instructions to that court that should appellee fail to make any proof of authority to assess and collect the sum of $1 on each $100 valuation, that said trial court render judgment in favor of plaintiff, independent school district, for the sum of 88 cents on the $100 valuation only.

All other propositions and assignments are overruled.

Judgment of the trial court affirmed as to the city of Fort Worth.

Reversed and remanded, with instructions.